(Decided 15th February, 1871.)

---

## ROBERT A. McALLISTER *vs.* MOSES EICHENGREEN and ISAAC WHITEHILL.

### *Construction of the Act of 1864, ch. 6.*

Suits for the recovery of damages that are liquidated, or for such ascertained amounts as the plaintiff can properly and safely swear the defendant owes him, are within the provisions of the Act of 1864, ch. 6.

A bond given to dissolve an attachment, and a judgment recovered in the attachment case, constitute a cause of action upon which suit may be properly instituted under the provisions of the Act of 1864, ch. 6, against the obligors in the bond.

And in such action the filing by the plaintiffs of a properly certified *copy* of the bond, with their declaration, is a sufficient compliance with the provision of the eighth section of the Act.

McAllister *vs.* Eichengreen, *et al.*

APPEAL from the Court of Common Pleas.

The appellees sued out an attachment against Moses Colman and —— Colman, and it was levied upon their goods; they thereupon, for the purpose of dissolving the attachment, gave a bond, the condition of which was to satisfy any judgment that might be recovered against them. The attachment case was then proceeded with and a judgment in favor of the plaintiffs was obtained. Suit was then instituted by them on the bond, under the provisions of the Act of 1864, ch. 6; they filed with their declaration a copy of the bond, certified under the seal of the Court, and a short copy of the judgment certified by the clerk, together with an affidavit of the true amount that the defendants were indebted to them. The appellant, one of the sureties on the bond, appeared and filed his pleas, which were not verified by affidavit. The Court accordingly, on the 11th of April, 1870, being the April Rule Day, upon motion of the appellees, entered judgment by default against the appellant, for want of pleas verified by affidavit, and on the same day the judgment was extended. Subsequently, at the same term, the defendant filed a motion to strike out the judgment against him, for the reasons therein stated; the Court overruled the motion and the defendant appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ROBINSON, J.

*William Rowland* and *Jos. P. Merryman*, for the appellant.

*Thos. J. Morris* and *Ed. Otis Hinkley*, for the appellees.

BRENT, J., delivered the opinion of the Court.

The principal question presented in this case is, whether the cause of action relied upon in the declaration, is such a one as authorized the appellees to proceed under the provisions of the Act of 1864, ch. 6. The construction of that Act in this particular has been presented in several cases that have

been recently before this Court,—and it may now be considered as well settled, that suits for the recovery of damages that are liquidated, or for such ascertained amounts as "the plaintiff can properly and safely swear the defendant owes him," are within its terms. It does not include actions for the recovery of unliquidated damages, but if the declaration discloses a cause of action, by which the amount claimed is certain and liquidated, the plaintiff has a right to proceed under its provisions for the recovery of his debt. *Smithson vs. U. S. Telegraph Co.*, 29 *Md.*, 162 ; *Jones vs. Freeman*, 29 *Md.*, 273 ; *Bouldin vs. Steibel*, 31 *Md.*, 34 ; *Knickerbocker Life Ins. Co. vs. Hoeske*, 32 *Md.*, 318. The inquiry therefore in the present case is, does the declaration disclose a cause of action for a liquidated amount? The appellant is one of the obligors in a bond, given for the purpose of dissolving an attachment, which had been sued out of the Court of Common Pleas of Baltimore City against Moses Colman and —— Colman, and levied upon their goods. The condition in it is; "that if the said Moses Colman and —— Colman shall satisfy any judgment that shall be recovered in said case against them, then the said obligation shall be void, else to be and remain in full force and virtue in law." The bond was filed, and the attachment dissolved. The case was then proceeded in and a judgment obtained against the Colmans in favor of the appellees, for $771.75, and $13.60 costs. This bond and judgment constitute the cause of action, set forth in the declaration, upon which the appellees base their right to recover. By the very terms of the bond the recovery of the judgment fixed the amount to be paid under it, and to that extent the liability of the obligors became a certain and liquidated sum. The claim of the appellees, at the time of their bringing this suit, could not in any sense be considered as unliquidated damages. A judgment had settled it beyond controversy, and a stronger case, where a plaintiff could make out an account for an amount certain, and verify the same by affidavit, cannot well be supposed.

But the appellants also object that a copy and not the original bond was filed with the declaration. The eighth section of the Act of 1864, provides that "the plaintiff shall not be entitled to judgment under either of the three preceding sections, unless at the time of bringing his action he shall file with his declaration an affidavit, or affirmation, * * * stating the true amount that the defendant is indebted to him over and above all discounts, and shall also file the bond, bill of exchange, promissory note, or other writing or account by which the defendant is so indebted." The language of this section cannot be construed to require the original bond to be filed in all events. Its reasonable construction is, that the plaintiff shall file such bond or other instrument of writing as will evidence the indebtedness of the plaintiff. If a copy is admissible in evidence, such copy will gratify its requirement. That a copy of the bond, sued upon in this case, was admissible in evidence we entertain no doubt. *Code, Art.* 37, *sec.* 59. It was entered into and used for the purpose of dissolving an attachment, and the original, upon being filed in that case, and approved by the Court, became as much a part of the proceedings as any other original paper in it. The plaintiffs had no right to its custody and possession, and could only demand, from the clerk of the Court in which it was filed, a copy certified under the seal of his office. In doing this, and in filing a copy, properly certified, with their declaration, we think they have brought themselves within the meaning of the section of the Act of 1864, above referred to.

The other exceptions filed in the Court below were properly abandoned at the argument, and it is unnecessary for us to notice them.

Seeing no error in the judgment of the Court below, it will be affirmed.

*Judgment affirmed.*

(Decided 15th February, 1871.)