(Decided 10th July, 1873.)

## George H. Williams, Garnishee of Milton A. Jones *vs.* Joshua Jones.

*Attachment— What is a sufficient Evidence of Debt to support an Attachment— When Funds in the hands of a Trustee may be Attached— What is not an Estoppel—Interest or Right liable to Attachment—Acquittance.*

A bond conditioned for the payment of money, although failing to state the exact amount it was intended to secure, if it contain all the elements or data necessary to enable the Court and jury to ascertain the amount due thereon, and to justify the plaintiff in verifying the same by his oath, is a sufficient evidence of debt to support an attachment.

Money held by a trustee appointed by a decree of the Court of Chancery, and belonging to a non-resident may be attached by his creditors, where the final audit has been ratified by the Court, and the amount belonging to the debtor has been ascertained, and an order passed directing the trustee to pay it over.

A certain fund in the hands of a trustee in Chancery, being about to be distributed, J. who had obtained from one of the parties entitled to a distributive share or portion of such fund, a bond conditioned for the payment of

money, the amount of which was not stated, filed a petition in the Chancery Court, praying for an order directing the trustee to pay the claim out of the funds in his hands. To this petition, a demurrer was filed by the debtor, which was sustained. Thereupon the petitioner sought to maintain his claim by process of attachment, and had the writ laid in the hands of the trustee. HELD :

That the plaintiff was not estopped from maintaining his claim by process of attachment, by the adjudication of the Chancery Court; the order of the Chancery Court was not an adjudication upon the merits of the claim—it simply decided that the plaintiff was not entitled to relief in a Court of Equity.

An attachment was issued against a non-resident debtor, and laid in the hands of a trustee appointed by the Court of Chancery, to affect certain funds in his possession belonging to the debtor. The garnishee pleaded *nulla bona.* Prior to the attachment, the debtor had assigned by way of mortgage, his entire share of the fund, which, as shown by the final audit, exceeded a $1000, to S., to secure the payment of $300, with a power to him to collect the whole. It was objected by the garnishee, that by the assignment to S., the debtor had divested himself of all interest in the fund, and no part of it was liable to condemnation at the suit of the plaintiff. HELD :

1st. That the operation and effect of the assignment was to convey to S., a beneficial interest to the extent of the debt due him, and to leave in the debtor a similar interest or right to the surplus, which he had the right to assign to another, and which was liable to attachment by his creditors, and the amount of the plaintiff's claim being admitted, he was entitled to a judgment of condemnation for the same, against the garnishee.

2nd. That the payment of the judgment would be an acquittance to the trustee to that extent, and afford him as full and ample protection as if he had paid it to the debtor himself, or to an assignee from him, claiming by assignment subsequent to that of S.

APPEAL from the Superior Court of Baltimore City.

On the 20th of December, 1871, an attachment on warrant was sued out by the appellee against Milton A. Jones, a non-resident, and laid in the hands of George H. Williams, trustee in the case of *Jones, et al. vs. Stockett, et al.*, pending in the Circuit Court of Baltimore City. The declaration alleged that Milton A. Jones, together

with a certain William E. Jones, and Elizabeth Ann Jones, by a joint and several bond, dated the 23rd of December, 1846, promised to pay the plaintiff the sum of $1500, and that no part thereof had been paid. The cause of action was the following bond:

"Know all men by these presents, that we, Milton A. Jones, Wm. E. Jones and Elizabeth Ann Jones, are held and firmly bound unto Joshua Jones in the sum of fifteen hundred dollars, current money, to be paid to the above named Joshua Jones, or to his certain attorney, executors, administrators, heirs or assigns; to which payment, well and truly to be made and done, we bind ourselves and each of us, our and each of our heirs, executors, administrators or assigns, firmly by these presents, sealed with our seals, and dated this 23rd day of December, one thousand eight hundred and forty-six.

(Stamp, 75 cts.)

"The condition of the above bond is such, that should the interest now due upon certain trust funds now in suit in the Court of Chancery, they being part of the fund left by Larkin Shipley, of Anne Arundel County, in the State of Maryland, by will bearing date 19th day of February, 1822, to Ann Shipley, now Ann Jones, and wife of the above named Joshua Jones, and held by Henry Wayman and Richard G. Stockett as trustees, according to the will of the aforesaid Larkin Shipley, should not be sufficient to refund to the above named Joshua Jones the amount of —— dollars, which he has paid or become liable for the debts of the above named Ann Jones, with interest thereon, then this obligation to be in force, and the whole sum of the above bond or obligation, or so much thereof as shall be sufficient to make up the above amount of fifteen hundred dolls., in connection with the interest of the above mentioned trust fund now due; but should the above mentioned interest be sufficient to pay

the sums paid with interest by the aforesaid Joshua Jones, for debts of the above mentioned Ann Jones, then this bond or obligation to be null and void and of no effect.

" In testimony of the foregoing bond or obligation, we have this 23rd day of December, one thousand eight hundred and forty-six, set our hands and seals.

                              " MILTON A. JONES,     [Seal.]
                              " WM. E. JONES,         [Seal.]
                              " ELIZABETH A. JONES, [Seal.]
    "Signed, sealed.and delivered, in presence of—
              " *Chas. H. Pitts.*"

The affidavit stated the debt to be $214.00, with interest thereon from the 20th of October, 1852. The defendant was returned " *non est.*" The garnishee pleaded limitations and *nulla bona.* The execution of the bond was admitted, and it was agreed that the plaintiff should not be required to prove the breach of the condition thereof; but that if he were entitled to recover at all, and the fund was liable to condemnation in the action, the amount properly recoverable would be $214, with interest thereon from the 20th of October, 1852. Larkin Shipley of Anne Arundel County, left to his niece, Ann Shipley, the wife of the plaintiff, a legacy of $7000, the interest of which was to be enjoyed by her during her natural life, and upon her death the principal was to be equally divided among her children.

*Exception.*—The plaintiff at the trial, offered in evidence, the bond, the cause of action, and the admission in respect to the breach of its condition, &c., and proved that the defendant, Milton A. Jones, was a son, by a former marriage, of Ann Jones, the wife of the plaintiff, and that she died in 1869 ; and in order to show funds in the hands of the garnishee the plaintiff offered in evidence the auditor's account filed on the 23rd December, 1870, in the case of *Jones, et al. vs. Stockett, et al.*, dis-

tributing the legacy which had been left to Mrs. Jones by
Larkin Shipley, among those entitled to the same. This
account of the auditor, which had been finally ratified on
the 7th of January, 1871, showed that the entire share,
or portion of Milton A. Jones, the defendant, in the fund,
was audited to Frederick B. Snyder, his assignee. The
plaintiff then further offered in evidence the assignment
from Milton A. Jones, to Frederick B. Snyder, filed in
the Equity case, and also an order passed by the Circuit
Court of Baltimore City, on the 28th of May, 1872,
directing the garnishee to pay over to said Snyder, as the
assignee of Milton A. Jones, the sums audited to him by
the said auditor's account.

The garnishee then offered in evidence a petition filed
by the plaintiff in the said Equity case, on the 23rd July,
1870, by which he sought to obtain out of the fund to be
distributed in that case, payment of the money which he
claimed to be due on the bond, the cause of action in this
case. The garnishee, also offered in evidence a general
demurrer to said petition, by Milton A. Jones, and the
order of the 22nd November, 1871, sustaining the
demurrer ; also a petition of Frederick B. Snyder, filed
5th December, 1871, asking that the trustee, (the gar-
nishee) should be ordered to pay to the petitioner the
amount which had been audited to him under the assign-
ment from Milton A. Jones. On this petition the order
of the 28th of May, 1872, offered in evidence by the
plaintiff, was passed, directing the trustee to pay to the
petitioner the sums audited to him as assignee of Milton
A. Jones.

The plaintiff offered four prayers, which were granted ;
the third and fourth, relating to limitations, were by
agreement of counsel omitted from the record, the first
and second are as follows :

1. The execution by the defendant of the bond which
constitutes the cause of action in this case, the breach of

the condition of the bond, and the non-residence of the defendant being admitted, and the quantum of damages being settled by the agreement of the parties, the said bond is such an instrument as will sustain an attachment on warrant, under the provisions of Article 10 of the Code of Public General Laws.

2. If the jury find that the garnishee has in his hands funds which, but for the assignment from the defendant to Frederick B. Snyder, would belong to the defendant, then the said assignment does not protect the said funds from attachment, except as to the amount of the principal and interest of the debt therein mentioned.

The garnishee offered six prayers, all of which were refused ; the third, relating to limitations, is omitted, the others are as follows :

1. If the jury find the filing in the case of *Jones vs. Stockett*, in the Circuit Court of Baltimore city, of the petition of the plaintiff, offered in evidence, filed on the 23rd of July, 1870, and the filing in the same cause of the petition of the claimant, Frederick B. Snyder, on the 5th day of December, 1871 ; and shall further find that the statement of the auditor's account, filed in said cause on the 23d of December, 1870, and the passage of the order *nisi* and final order thereon ; and shall further find the passage of the order of said Court, filed on the 28th of May, 1872, then the plaintiff is not entitled to recover in this action.

2. If the jury find the execution of the assignment from the defendant, Milton A. Jones, to the claimant, Frederick B. Snyder, then the plaintiff is not entitled to recover.

4. That the plaintiff cannot maintain the attachment upon the cause of action declared upon in this case.

5. That there is a variance between the claim made by the affidavit and warrant, and the short note in the cause, and the plaintiff cannot recover in the action.

6. That there is a variance between the short note and the cause of action in the cause, and there can be no recovery.

The garnishee excepted to the refusal of the Court to grant his first, second, fourth, fifth and sixth prayers, and to the granting of the first and second prayers of the plaintiff.

The jury rendered a verdict for the plaintiff for $343.19, and judgment of condemnation against the garnishee was entered for the amount, with interest and costs. The garnishee appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

*William A. Fisher* and *Charles Marshall*, for the appellant.

The proposition asserted in the first prayer of the garnishee is that when an attachment is laid in the hands of a trustee acting under the order of a Court of Equity, condemnation cannot be had against the trustee as garnishee, in order to give the fund a different direction from that given to it by the final order.

This proposition, applicable to all cases, is further enforced in this case by the fact, that the plaintiff was a party to the distribution proceedings, and could have appealed and taken any other course to which he might have been advised.

If the attachment is to have any effect when laid in the hands of the trustee before the final ratification of an account, it can only bind any fund which may be finally distributed to the *defendant*, and no modification of the proceedings will be made, *even in the equity case,* "for the benefit of the attaching creditor." *McPherson vs. Snowden*, 19 *Md.*, 233.

Unless, therefore, the plaintiff shows that there has been a final account, and something has been audited to the defendant, he cannot recover. The proof here not only shows nothing of the kind, but it appears that the fund, of which condemnation is sought, has been distributed to another person, and the trustee has been ordered to pay it to him. Under these circumstances, Mr. Snyder, who is no party to, and not bound by, the attachment proceedings, could bring his action against Mr. Williams and his securities. *Scott vs. the State, &c.,* 2 *Md.,* 284; *State, &c. vs. Mayugh & Bell,* 13 *Md.,* 377–8.

The assignment from Milton A. Jones to Snyder, filed in the equity cause, states in the preamble an indebtedness to Snyder, and then follows a general assignment, without condition, to Snyder, of the whole interest of Jones in the fund in the equity case, and a power of attorney empowering Snyder to collect and release for the same. The Court below seems to have acted upon the theory that, inasmuch as there was the recital of a debt in the preamble, the assignee could not take the entire fund, although there was an absolute and unconditional assignment of it to him. And, acting upon this erroneous theory, the Court treated the assignment as a mortgage, which left a part of the fund open to the attachment of the general creditors of Jones.

But the Court was wrong in this conclusion, for the question was not what was the effect and meaning of the *assignment,* but of the *auditor's account,* which gave to "Frederick B. Snyder, assignee of Milton A. Jones, his share, one-sixth, $977.68," of principal, and his share, $74.36⅓ of interest and dividends, and the order that "George H. Williams, trustee, pay over to F. B. Snyder, assignee and attorney of Milton A. Jones, the sums audited to him."

If the plaintiff thinks that any part of the fund audited to Mr. Snyder belongs to Milton A. Jones, or

that the assignment is fraudulent, of which there is no proof or pretence, he can proceed by attachment laid in the hands of Snyder, or by bill in equity, to set the assignment aside, but he cannot make the present attachment answer all the purposes of an attachment, a bill of review and an appeal to the Superior Court, against the decision of the Circuit Court of Baltimore City.

The second prayer of the appellee should have been rejected, and that of the appellant granted, for the assignment is absolute in its terms, and, in a Court of law at any rate, no other effect can be given to it.

In support of his fourth prayer, the appellant referred to *Hinkley & Mayer on Att.*, 12, *sec.* 34 ; *State vs. Beall*, 3 *H. & McH.*, 347 ; *Hepburn's Case*, 3 *Bl.* 119.

*John T. Mason* and *Wm. M. Merrick*, for the appellee.

There was no adjudication of the case on its merits in the Court of Equity, the demurrer admitted the facts, and only denied that a case was made for relief in a Court of Equity. The petition certainly showed a cause of action against Milton A. Jones in some Court ; and the order sustaining the demurrer, simply decided that the remedy was not in equity, nothing more. *Bigelow on Estoppel*, 30, 32 *and n.*, (3,) 121, 122 ; *Herman on Estoppel*, *sec.* 50 ; *Beere vs. Fleming*, 13 *Irish Com. L. Rep.*, 513 ; *Night vs. DeKlyne*, 1 *Peters C. C. R.*, 198, 202–3; *Wash. Alex. & Geo'town S. P. Co. vs. Sickles*, 24 *How.*, 344–5 ; *Griffin vs. Seymour*, 15 *Iowa*, 32 ; *Schindel vs. Suman*, 13 *Md.*, 314.

Moreover, there is no identity of parties, which is essential to create an estoppel. *Bigelow on Estoppel*, 47 ; *Buttrick vs. Holden*, 8 *Cush.*, 233 ; *Lawrence vs. Vernon*, 3 *Sumner*, 22, 26.

The bond, the cause of action in this case, is not a bond with *collateral condition*, but a bond with *condition to pay money ;* this distinction between bonds conditioned to pay

money, and those conditioned for the doing of some collateral thing is well defined. *Evans on Pleading*, 82.

A bond with condition to pay money, differs only in *form* from other money bonds, and does, therefore, come within the ruling of *State, use of Beall vs. Beall*, 3 *H. & McH.*, 347 ; which in the case of *Bouldin vs. Steibel*, 31 *Md.*, 37— is especially restricted to bonds with *collateral condition for the faithful performance of official duty.*

In this case the condition of the bond is for the payment of money, and a standard is furnished by which the amount due upon it may be easily and exactly ascertained, and it may therefore properly be made the foundation of this attachment suit. *Wilson vs. Wilson*, 8 *Gill*, 194–5 ; *State, use of Bouldin vs. Steibel*, 31 *Md.*, 37 ; *Warwick vs. Chase*, 23 *Md.*, 161, 162 ; *Fisher vs. Consequa*, 2 *Wash.*, *C. C. R.*, 387 ; *McAllister vs. Eichengreen*, 34 *Md.*, 55, 56 ; *Hough vs. Kugler*, 36 *Md.*, 194.

The assignment to Snyder protects the share of Milton A. Jones only to the extent of the debt and interest due the former, beyond this it is, and is expressed to be, simply a power of attorney, which is in its nature revocable. The garnishee then certainly has funds in his hands *belonging* to the defendant, and that being the case, they are certainly liable to be garnished for his debts.

The assignment itself shows that the assignee has a beneficial interest in a part only of the fund, and the balance belongs still absolutely to the defendant. Now, as the defendant, if present, could claim this balance, so may his creditor claim it in this attachment suit. *Art.* 10, *sec.* 11, *of the Code; First Nat. Bk. vs. Jaggers*, 31 *Md.*, 38 ; *Clapp vs. Hancock Bank*, 1 *Allen*, 394 ; *Fay & Co. vs. Smith*, 25 *Vt.*, 610.

The appellee should not be compelled to wait until the money is paid to Snyder before attaching it. It is essential to the effectual use of the attachment process that a creditor should not be compelled to wait. A debtor should

not be permitted to protect his property from attachment, by giving a power of attorney to another to receive it. The true theory of the attachment law undoubtedly is, that the property of a non-resident debtor shall be liable to attachment, whenever and in whatever shape or form it may be found.

There is no variance between the bond, which is the cause of action, and the declaration, which was filed instead of a short note. The principal sum in the bond was declared on, and the breach and quantum of damages were settled by agreement of the parties.

There is no variance between the affidavit and warrant and the declaration. The plaintiff is not bound to make affidavit to the whole amount of damages laid in the declaration. The issuing of an attachment for a greater sum than is proved to be due, will not justify the Court in quashing the attachment. *Dawson vs. Brown*, 12 *G. & J.*, 60; *Lee, et al. vs. Tinges*, 7 *Md.*, 233. And certainly the plaintiff can issue his attachment for a less sum than he claims in the declaration, and proves to be true.

BARTOL, C. J., delivered the opinion of the Court.

The bond of Milton A. Jones and others, which constitutes the cause of action in this case is a sufficient evidence of debt to support the attachment.

It is a bond conditioned for the payment of money, and although the exact amount it was intended to secure is not stated in the condition, yet this may be certainly ascertained. The instrument contains all the elements or data necessary to enable the Court and jury to ascertain the amount due thereon; and to justify the appellee in verifying the same by his oath. This is all that is required by our attachment laws, as was decided in *Wilson vs. Wilson*, 8 *Gill*, 194, and *McAllister vs. Eichengreen*, 34 *Md.*, 54.

In this case it has been settled by the agreement of counsel, that the amount stated in the affidavit is the true

amount the plaintiff is entitled to recover, provided the attachment can be sustained.

The garnishee is a trustee appointed by a decree of the Court of Chancery, and the writ is laid in his hands for the purpose of subjecting to condemnation certain money held by him in that character, alleged to belong to Milton. A. Jones, the non-resident debtor; but no valid objection to the proceeding exists on account of the fiduciary character of the garnishee, inasmuch as the final audit has been ratified by the Court of Chancery, and the share, or portion of the fund belonging to Milton A. Jones, or his assignee, has been ascertained, and an order has been passed in that Court directing the trustee to pay it over. *Cockey vs. Leister,* 12 *Md.,* 124; *McPherson vs. Snowden,* 19 *Md.,* 233.

The chief grounds of objection relied on by the appellant are *First.* That the rights of the appellee to maintain the claim have been finally adjudged and decided against him by the Chancery Court, and that he is thereby estopped.

And *Secondly.* That by the assignment from *Milton A. Jones* to *Frederick A. Snyder,* the former was divested of all right and interest in the fund, and no part of it is liable to condemnation in the present suit.

These will be disposed of in their order, and *first,* as to the estoppel. It is very clear to us that this defence cannot prevail. There was no adjudication by the Chancery Court of this claim upon its merits.

The appellee filed a petition in that Court praying for an order directing the trustee to pay this claim out of the fund in his hands. To this petition a demurrer was filed, which was sustained. But that was merely an adjudication that the appellee was not entitled to relief in a Court of Equity. The decision was obviously correct; because the appellee had no lien or charge upon the fund specifically, and was seeking to enforce in that Court a mere

personal debt due him by Milton A. Jones, which could be asserted only in a Court of Law.

*Secondly.* As to the effect of the assignment to Snyder. This appears on its face to be a mortgage only, for the purpose of securing to Snyder the payment of a debt of $300.00.

For that purpose the whole share of Milton A. Jones in the fund was assigned, with a power of attorney, to him to collect the whole. The operation and effect of the assignment was to convey to Snyder, a beneficial interest to the extent of the debt due to him ; and to leave in Jones a similar interest or right to the surplus. This he had the power to assign to another, and it is consequently liable to the process of attachment by his creditors.

Upon the filing by Snyder of the assignment in the Chancery Court, the order to the trustee to pay the fund to him was a matter of course. But the money has not been paid, it still remains in the trustee's hands ; belonging to Snyder only to the extent of the debt due to him, secured by the assignment, and the surplus belonging to Milton A. Jones, subject to the claim of the appellee, and liable to condemnation under his attachment. The entry of such a judgment in no manner interferes with the jurisdiction of the Chancery Court over the fund. It adjudges and settles the rights of parties thereto, who were not parties in that Court; and the payment of the judgment will be an acquittance to the trustee to that extent, and afford him as full and ample protection as if he had paid it to Milton A. Jones, himself, or to an assignee from him, claiming by assignment subsequent to Snyder's.

It appears by the record that the counsel of the garnishee were also counsel for Snyder in the Chancery suit. No objection has been made at the bar, on the ground of want of notice to him of this proceeding. Having notice

of it, he had full opportunity to defend, and will be bound by the judgment.

Finding no error in the ruling of the Superior Court, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 10th July, 1873.)