18h 192
f 56a d607

THOMAS O'MARA, PLAINTIFF, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, DEFENDANT.

*Contributory negligence — when climbing over a train at a crossing constitutes.*

The plaintiff in attempting to cross defendant's tracks, at what was claimed to be a public crossing, found the crossing blocked by a long freight train which had been standing there for some time. Owing to a curve in the road the front of the train could not be seen; the end of the train was some 200 feet from the crossing. Plaintiff climbed upon the bumper of one of the cars and attempted to cross the tracks, but while so doing the train was moved, without any signal being given by the defendant, his foot was caught, and the injury occasioned, to recover damages for which this action was brought.

*Held*, that the plaintiff was properly nonsuited, on the ground that he was guilty of contributory negligence.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed at the circuit.

The action was for personal injuries sustained by the plaintiff May 21, 1872. The defence was a denial, and contributory negligence on the part of the plaintiff. The evidence on the trial tended to show that the plaintiff lived in the city of Albany, opposite the island in the southern part thereof, at the time he was injured; that there was a public road leading to this island from the city of Albany; that he went to the island at six o'clock in the morning to his work, and that when he came to the railroad track, which crossed this public road, he found a long train of defendant's coal cars standing across it, extending below and above the road crossing as well as across the road. The plaintiff put his foot upon the bumper of one of the cars, for the purpose of passing over, and by raising himself thereon passed over, and went to the island, where he remained at work for about an hour; he then returned for breakfast, and passed over the same train and in the same way, and in about half an hour, or three-quarters of an hour, he came back from his breakfast and found the train still standing at the same place over the public road; no flagman or signal-man was present. The plaintiff put his foot on the bumper, as he had twice done before in crossing, and as he was in the act of bringing himself across or passing over, the cars came together with a sudden shock or jerk backwards, his foot slipped and was shaken off thereby, and his leg went in, and was caught in the shackling part of the cars and was mangled and torn.

*A. J. Colvin*, for the plainiff.t

*Henry Smith*, for the defendant.

BOARDMAN, J.:

The decision of the learned court nonsuiting the plaintiff is sustained by authority. The Supreme Court of Pennsylvania, in a similar case, authorized a recovery by a child of six or seven years of age, and WOODWARD, J., adds: "If the plaintiff had been an adult of ordinary prudence and discretion he would have had no

right of action, for however blameworthy the defendants may have been in leaving their cars on the crossing, common prudence would have restrained him from passing under them, and an adult would have been bound to use common prudence." (*Rauch* v. *Lloyd*, 31 Penn. [7 Casey[, 358, 370.) Under quite similar circumstances the Court of Appeals of Maryland, by ROBINSON, J., says : " Was the attempt by plaintiff to get on the platform of the car, under the circumstances, such a glaring act of carelessness as to amount in law to contributory negligence ?   To this we think there can be but one answer.   On reaching the crossing at Camden and Howard streets, instead of waiting until the train had moved or walking up to Pratt street, the distance of a square only, where he could have crossed without risk, he attempted, although it was dark, to get on the platform of one of the cars, at a time, too, when defendant was making up its train, and without even looking or inquiring whether an engine was attached thereto.   For such negligence it is no excuse to say that he had seen five or six of the crowd collected there make a like attempt without injury.   *   *   *   Tested by this standard (the ordinary care which the law requires) " the conduct of the plaintiff, in thus exposing himself to a danger so threatening, can be viewed in no other light than as an act of carelessness, amounting in law to contributory negligence." (*Lewis* v. *Balt. and Ohio R. R.*, 38 Md., 566; *S. C.*, 10 Amer. Rail. Cases, 521, 528.)   *Van Schaick* v. *Hudson Riv. R. R. Co.* (43 N. Y., 528), is analogous, and in our judgment sustains the same view of the law.   The plaintiff, in the case under consideration, could have gone around the end of this obstructing train with safety, a distance of 100 to 200 feet.   But he preferred to climb across defendant's cars, knowing it was a train liable to be moved ; that the engine was near the depot, but not in sight, and that cars were frequently in motion at that point. Under such a state of facts the plaintiff was very negligent in taking the risk, and as his injury was caused thereby he cannot recover.

The counsel for the plaintiff insists that the question of contributory negligence should have been left to the jury.   In *Reynolds* v. *N. Y. C. and H. R. R. R. Co.* (58 N. Y., 248), contributory negligence was presumed as a matter of law in the absence of

any evidence of the conduct of plaintiff's intestate, and it was held plaintiff should have been nonsuited. In the present case there is no conflict of evidence; no doubt about the facts. The injury could not have occurred except for plaintiff's act in undertaking to climb over a train between the cars. It was for the court to determine whether that was negligence which contributed to the injury, and, as other courts have said, no one could doubt it was. The rule is correctly stated in *Massoth* v. *Del. and Hud. Can. Co.* (64 N. Y., 529); *S. C.* (6 Hun, 314).

Nor is it of importance that defendant was guilty of wrong or negligence in blocking up the way, or in starting its train suddenly and without notice. The defendant is not liable for the injury sustained by plaintiff, unless it occurred solely by its fault and negligence, and not in any degree through the fault or negligence of the plaintiff.

So, in any view which can be taken of the case, it would seem a nonsuit was properly granted. The motion for a new trial is, therefore, denied, and judgment ordered for the defendant on the nonsuit, with costs.

LEARNED, P. J., concurred; BOCKES, J., not acting.

Motion for new trial denied, and judgment for defendant on verdict.