## James C. Dirickson *vs.* Lemuel Showell, Jr.

*Attachment after Two returns of Non est—Procedure—*
*Liquidated damages.*

Section 24 of Article 9 of the Code provides that "when two summonses have been returned *non est* against the defendant in any of the Courts of law of this State, the plaintiff, upon proof of his claim as hereinbefore required, shall be entitled to an attachment, and the Judge of the Court where such action is pending shall order such attachment to issue, and the same proceedings shall be thereupon had as in attachments issued against absconding debtors." Held:

1st. That under this section, when an action is pending in any Court of law, which the Court in the exercise of its general jurisdiction has the power to try and decide, provided jurisdiction over the person of the defendant has been obtained by service of the summons upon him, and there are two returns of *non est* to two successive writs of summons, the Judge is authorized to regard such returns as evidence that the defendant is a nonresident or absconding debtor, and no affidavit that he is such debtor is required.

2nd. That if the plaintiff's cause of action be such as would entitle him to an attachment on warrant, the Judge is authorized and directed to order the attachment to issue, provided the plaintiff produces before him the same proof of his claim that he would be required to produce before the magistrate in order to obtain his warrant to the clerk of the proper Court to issue an attachment.

3rd. That when the attachment is thus ordered by the Judge it is subject to the same conditions, and the same proceedings must be had upon it as if it were an attachment on warrant, with the single exception that the order of the Judge supersedes and takes the place of the warrant of the magistrate.

A declaration containing the money counts and a special count on the contract set out, filed at the time the attachment was issued, will supply the place of the short note required in ordinary cases of attachment.

A claim for damages for the breach of a contract to sell a promissory note for less than its face value, is not a claim for unliquidated damages for which an attachment cannot issue,

without the giving of a bond by the plaintiff, as required by section 43 of Article 9 of the Code, such damages being the difference between the sum due on the note, and the price agreed to be accepted for it.

APPEAL from the Circuit Court for Worcester County.

The case is stated in the opinion of the Court.

The cause was argued for the appellee before ROBINSON, C. J., BRYAN, FOWLER, PAGE, MCSHERRY, BOYD, and BRISCOE, J., and submitted on brief for the appellant.

*C. D. Collins,* and *W. S. Wilson,* for the appellant.

*William T. Dickerson,* for the appellee.

MCSHERRY, J., delivered the opinion of the Court.

James C. Dirickson sued Lemuel Showell, Jr. in the Circuit Court for Worcester County to recover the sum of two hundred and forty dollars and sixty-six cents. The claim arose in this way: Showell owned and held a promissory note made by Daniel A. Massey and wife for the payment of the sum of two thousand dollars, with interest from May, eighteen hundred and ninety, which note he contracted to sell and deliver to Dirickson for the sum of eighteen hundred and fifty dollars, but, though the stipulated price was tendered to him, he subsequently refused to deliver the note as he had agreed to do. The difference between the face value of the note, with interest added, and the sum of eighteen hundred and fifty dollars, is the amount claimed by Dirickson. The summons issued for the defendant was returned *non est,* and was renewed to each of the four succeeding terms of court, but each time was likewise returned by the sheriff *non est.* Thereupon the plaintiff presented to one of the Judges of the Circuit Court the claim sued on, duly verified by affidavit, and ac-

companied by evidence of the several returns of *non est*, and made application for an attachment against the lands, tenements, goods and chattels, and rights and credits of the defendant, under *sec. 24 of Art. 9 of the Code.* The attachment was ordered, and was subsequently issued, and under it certain lands and tenements of the defendant were attached. A motion to quash the attachment was then filed. The motion prevailed, and the attachment was quashed. From that judgment this appeal was taken.

The reasons assigned for the motion to quash were: First, because there was no sufficient affidavit; second, because the voucher annexed to the affidavit was insufficient; third, because the attachment was not founded on a warrant issued by a justice of the peace; fourth, because no sufficient short note was filed; fifth, because the claim was for unliquidated damages; and sixth, for other reasons apparent on the face of the papers.

It will be observed that this is not an attachment founded upon a warrant, though many of the principles and much of the procedure governing such attachments are applicable to attachments issued under *sec. 24 of Art. 9 of the Code,* above referred to. That section provides that "when two summonses have been returned *non est* against the defendant in any of the Courts of law of this State, the plaintiff, upon proof of his claim as hereinbefore required, shall be entitled to an attachment, and the Judge of the Court where such action is pending shall order such attachment to issue, and the same proceedings shall be thereupon had as in attachments issued against absconding debtors." This Court has held that the plain meaning of this section is, that, when an action is pending in any Court of law, which the Court in the exercise of its general jurisdiction has the power to try and decide, provided jurisdiction over the person of the defendant be obtained by service of the summons upon him, and in such a case there are two returns of *non est* to two successive

writs of summons, then the Judge is authorized to regard such returns as evidence that the defendant is a non-resident or absconding debtor; and if the plaintiff's cause of action be such as would entitle him to an attachment on warrant, the Judge is authorized and directed to order the attachment to issue, provided the plaintiff produces before him the same proof of his claim that he would be required to produce before the magistrate in order to obtain his warrant to the clerk of the proper Court to issue an attachment. When the attachment is thus ordered by the Judge it is subject to the same conditions, and the same proceedings must be had upon it as if it were an attachment on warrant, with the single exception that the order of the Judge supersedes and takes the place of the warrant of the magistrate. *Randle vs. Mellen,* 67 *Md.,* 189. It is obvious, therefore, that the third reason set forth in the motion to quash is untenable.

As to the first reason, nothing more need be said than that the affidavit is in strict and literal compliance with *sec. 4 of Art. 9 of the Code.* At the time the attachment was issued a declaration containing the money counts and a special count on the contract heretofore stated, was filed. This is an abundant answer to the objection that no sufficient short note was filed.

The second and fifth reasons may be considered together. If the claim is really one for unliquidated damages, then the attachment was properly quashed, not because an attachment cannot be issued for the recovery of such damages, but because no bond was given by the plaintiff as required by *sec. 43 of Art. 9 of the Code.* But is this a claim for unliquidated damages, where the measure or standard of the damages is not fixed by the contract itself? If the contract itself fixes the amount due, or affords by its terms a certain measure for ascertaining that amount, an attachment will lie if the necessary jurisdictional facts appear; and the test is whether the contract

furnishes a standard by which the amount of the indebtedness or damages may be determined with sufficient certainty to permit the plaintiff to verify his claim by affidavit. *Wilson vs. Wilson,* 8 *Gill,* 192 ; *Fisher vs. Consequa,* 2 *Wash. C. C.,* 382 ; *Warwick vs. Chase et al.,* 23 *Md.,* 154; *McAllister vs. Eichengreen,* 34 *Md.,* 54 ; *Williams, garnishee vs. Jones,* 38 *Md.,* 555 ; *Orient Ins. Co. vs. Andrews & Locke,* 66 *Md.,* 371. Now, the contract here declared on is no less certain as to the standard by which the damages resulting from a breach of it are to be ascertained, than is an agreement for the sale of goods where no price has been stipulated. 8 *Gill, supra.* The thing purchased by the plaintiff and sold by the defendant was a promissory note for the payment of two thousand dollars. The note was an undertaking by the makers to pay that much money, and *prima facie* it was worth that much. The amount of it, with accrued interest, was certain and definite, and the obvious damage growing out of a refusal to deliver it according to the contract was the difference between the sum due on it and the price agreed to be accepted for it; unless the note was in reality either worthless or of no greater value than the price at which it was sold, and this was purely matter of defence in mitigation of damages, and was not an element affecting the legal measure or standard of damages as furnished by the contract. 66 *Md., supra.* The fact that less than is claimed in an attachment may ultimately be recovered, in no manner seems to show that the amount which *is* claimed is unliquidated damages, because a plaintiff in an attachment proceeding is entitled to a judgment even though he recovers a less sum than that stated in his affidavit, if the amount of the verdict be within the Court's jurisdiction. *Dawson vs. Brown,* 12 *G. & J.,* 60 ; *Lee vs. Tinges,*7 *Md.* 215 ; *Hough and wife vs.Kugler,*36 *Md.,* 195. And though the defendant may contest the demand made upon him, or may show that no damage has in fact

been sustained by the plaintiff, that does not affect the question whether the contract supplies the plaintiff a measure of damages to which he can make affidavit. The standard furnished by the contract may be perfectly certain and intelligible, and may enable the plaintiff to make oath to the amount he claims, yet a less amount may, upon the evidence, be assessed by the jury; but the mere possibility that this result may happen does not make the damages which have been claimed upon the institution of the proceedings, unliquidated damages. We are of opinion, therefore, that there was nothing to support the second and fifth reasons assigned as grounds for quashing the attachment. We may further add in this connection that the account or voucher, though somewhat inartificially drawn, was sufficient.

No other objections have been suggested under the sixth reason.

It follows from what we have said that the Circuit Court erred in quashing the attachment, and its judgment will therefore be reversed, and the cause will be remanded, that a trial may be had.

> *Judgment reversed, and cause remanded,*
> *that a trial may be had.*