# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed May 11, 1903.

DAMERON & BAILEY
VS.
BURDETTE H. FARREN, TRADING AS J. S. FARREN & CO.

*Richard C. Mayo* for plaintiff.
*Stuart S. Janney* of Gans & Haman for defendant.

HARLAN, J.—

The plaintiff sued the defendant upon the common counts in assumpsit, claiming $500 damages; and under the Practice Act in Baltimore city, filed, as his cause of action, an account for oysters sold to the defendant on November 15th and 18th, 1901, amounting to $252.55 over and above all discounts. The defendant for a first plea pleaded a tender of $20.60, and for a second plea pleaded a set-off in the sum of $230.65. A demurrer has been interposed to the third count of the plea of set-off.

The grounds of objection urged against this count, on the argument of the demurrer, were first, that the claim therein stated was a claim for unliquidated damages; and secondly, that the alleged custom set up in the said third count was not good in law.

So far as the latter ground is concerned, it does not seem necessary to make a decision, because I agree with the defendant's counsel, that the allegations of the pleading as to the custom may be treated as surplusage and the pleading considered without reference thereto.

If, as alleged in this count, the plaintiff agreed to deliver to the defendant oysters of a certain description, and delivered oysters of a different description, which the defendants unwittingly accepted and paid for according to the contract price, and the said oysters were, as alleged, altogether unmarketable and totally different from the kind of oysters purchased from the plaintiff, then the defendant had a good right of action against the plaintiff to recover the loss which he had sustained by reason of the failure of the plaintiff to perform his contract, and the measure of damages to which he would be entitled would, in my judgment, be the difference between the market price of the thing which ought to have been delivered in the performance of the contract at the time and place where it should have been delivered and the market price of the substituted article delivered to and retained by him; and if the substituted article delivered to and retained by him was altogether unmarketable and valueless, then the measure of his recovery would be the whole market value of the thing which he ought to have received under the contract; for this, in contemplation of law, is what he has lost. Where the market value is the measure of the damages, it is, under the Maryland authorities, sufficiently liquidated to be claimed as a set-off. Wilson vs. Wilson, 8 Gill. 192; Dirickson vs. Showell, 79 Md. 49, 52 and 53.

Now, although the only objections urged at the argument were the ones which have been stated, the demurrer raises every question as to the legal sufficiency of the pleading to which it was interposed, and it seems to me that the pleading is fatally defective in that it does not allege all of the elements necessary to make out the defendant's claim against the plaintiff to a liquidated sum.

The plea fails to allege where, under the contract, the oysters were to be delivered, or what was the price on the 12th and 14th days of November, 1901, of oysters of the description to be delivered to the defendant on those days. The measure of damages, in my judgment, is not what the defendant allowed, or was compelled to allow, to his customers, at some other place, but what the defendant could have sold oysters for (of the kind which ought to have been delivered to him under the contract) in the market, at the place where, and on the days on which they were to have been delivered. There is no element of fraud in the case, and the rule of damages which I have stated is the one which, under the authorities, seems to me to be alone applicable.

The fact that the defendant was compelled to allow to his customers all that they had paid him, and to pay certain other expenses, and that he received some small allowance on account of the oysters delivered, is only valuable as tending to show that the defendant had not derived any, or very little value from the oysters, which would diminish his claim against the plaintiff for the full market price of oysters, such as should have been delivered to him under the contract, and cannot take the place of allegations

which should have been inserted showing what this market price was, as hereinbefore stated, and if the defendant wishes to make his loss the subject of a plea of set-off he must set forth in it all the elements from which this loss can be ascertained and liquidated.

For the foregoing reasons the demurrer to the third count of the plea of set-off will be sustained, with leave to amend.