## BURTON *v.* HALLEY

[No. 435, September Term, 1963.]

*Decided July 17, 1964.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

*C. L. Fossett, Jr.,* with whom were *W. Carroll Beatty, David A. McNamee* and *Richard Bourne,* on the brief, for the appellant.

Submitted on brief by *Eugene E. Pitrof* and *John P. Mudd,* for the appellee.

Henderson, J., delivered the opinion of the Court.

This appeal is from an order denying a motion to quash an attachment on original process against a non-resident (Maryland Rule G40 a) having a joint interest in the property attached (Rule G50). The declaration contained three of the common counts and a special count alleging that the plaintiff, a licensed real estate broker, entered into an agreement with the defendants, "basically oral," whereby they agreed to pay him a commission of $70,000, or 10% of the gross price, if he obtained a net price of $630,000 for their Maryland real estate of some 31 acres. The declaration alleged that he procured a purchaser ready, willing and able to purchase at those terms, but they declined to sign the contract, attached as Exhibit 1. The affidavit in support of the attachment declared that the appellant was a non-resident, and that the defendants were indebted in the amount of $70,000, "exclusive of all set-offs and just grounds of defence." See Rule G41 b. Bond was not furnished. Rule G42 e provides that bond shall be filed "in an action *ex contractu* for unliquidated damages," and its amount "shall be the sum alleged to be due from the defendant." Under the former practice the bond was required to be twice that amount. See Rhynhart, *Attachments in the People's Court of Baltimore City,* 14 Md. L. Rev. 235, 248; Code (1957), Art. 9, sec. 37, re-

pealed by Ch. 36, Acts of 1962. As stated by Rhynhart, *supra*, "no bond is necessary to secure an attachment * * * for liquidated damages against a non-resident * * * debtor," citing Thomas, *Justice of the Peace Procedure* (2d ed), § 144. This seems to be implicit in the Rules, and is virtually conceded in the instant case. It may be noted that an order denying a motion to quash was formerly not appealable, being an interlocutory order. *Stewart v. Chappell*, 98 Md. 527, 529, and cases cited. But this was also changed by Ch. 36, Acts of 1963. See Code (1963 Supp.), Art. 5, sec. 20A.

The motion to quash, incorrectly styled a "petition," admitted that the appellant is a resident of Virginia but denied that she is indebted to the plaintiff in the sum of $70,000, or "in any other amount [or] on any other cause of action." The attorney filing this pleading purported to appear "specially" for her. The appellee argues that there was no issue raised by the pleadings as to the necessity for a bond, but unquestionably the point was argued below, because the court stated that this was the "main thrust of the petitioner's argument to quash the attachment," and the trial court decided that a bond was not required. The correctness of that ruling is the sole point argued by the appellant in this Court, although she makes a subsidiary point that the court should first have received evidence "on the basis of allegations admittedly unproven."

The appellant argues that the claim was unliquidated because the contract attached to the declaration negatives the claim set up in the declaration. The contract provides that "the seller agrees to pay * * * no commission," and it calls for a payment of only $630,000 by the purchaser. It is also suggested that the contract is illusory, because subject to a rezoning, and on behalf of a corporation to be formed. All of these arguments, we think, go to the enforceability of the agreement set up in the declaration. Whether the plaintiff can prove that he is entitled to a commission is a question not now before us. The only issue before us, we think, is whether the claim is for liquidated damages. We think it is.

The plaintiff alleges that the amount was fixed by agreement at $70,000, no more and no less, or 10% of a gross price of $700,000, net to the seller of $630,000. Whether he can establish

the claim by proof at a trial on the merits is quite immaterial at this stage of the case. The claim is liquidated by all the tests laid down in the cases. See *Eastover Co. v. All Metal Fabr.,* 221 Md. 428, 433; *Dirickson v. Showell,* 79 Md. 49, 52; *Williams v. Jones,* 38 Md. 555; *Wilson v. Wilson,* 8 Gill 192. See also *Blick v. Mercantile Trust Co.,* 113 Md. 487, 491, and *Petite v. Homes, Inc.,* 184 Md. 377, 388. In *Petite,* Judge Markell remarked that "the amount claimed would not become unliquidated if the jury should allow less," citing *Dirickson v. Showell, supra.* The contention that the court should have heard evidence before deciding the motion to quash is untenable, as the cases cited demonstrate.

*Order affirmed, with costs.*