## THE PEOPLE v. FRANK A. WIETHOFF.

*Criminal law—Gaming—Sufficiency of information.*

1. How. Stat. § 2029, which makes it a misdemeanor for any person, for hire, gain, or reward, to keep or maintain a gaming room, or a gaming table, or any game of skill or chance, etc., or knowingly to suffer a gaming room, or gaming table, or any such game to be kept, maintained, or played on any premises occupied or controlled by him, or to aid, assist, or abet in the keeping or maintaining of any such room, table, or game, seeks to reach, not only the keeper, but the person occupying or controlling the room where the table or game is

kept or maintained, as well as any person who aids, assists, or abets in such keeping or maintaining.

2. An information under the statute cited, which charges that the respondent did knowingly suffer a gaming room and gaming table to be kept and maintained and played on premises occupied and controlled by him (describing them), contrary to the form of the statute in such case made and provided, is fatally defective, in that it fails to charge that the gaming room and gaming table suffered to be kept were maintained for hire, gain, or reward.

Error to recorder's court of Detroit. (Gartner, J., presiding.) Argued February 1, 1894. Decided May 22, 1894.

Respondent was convicted of suffering a gaming room and gaming table to be kept and maintained on premises occupied and controlled by him, and sentenced to imprisonment in the Detroit House of Correction for three months, and to pay a fine of $500. Judgment reversed, and respondent discharged. The facts are stated in the opinion.

*Samuel W. Burroughs*, for respondent, contended:

1. The court erred in refusing to direct a verdict for the respondent at the conclusion of the proofs, as the information failed to charge that the respondent knowingly suffered a gaming table to be kept, maintained, and played for any kind of hire, gain, or reward; citing *People v. Weithoff*, 51 Mich. 203, 93 Id. 631.

2. The gist of the offense is the obtaining of property by the fraudulent use of cards (the details being unimportant), and the publicity of the act; citing *Blemer v. People*, 76 Ill. 265; *McInnis v. State*, 51 Ala. 23; and "suffering persons for gain to resort there to play" is a separate offense; citing *Com. v. Stowell*, 9 Metc. 572; and it is no crime to play cards for amusement at a place rendered private by its use, but allowing cards to be played where money is bet is gambling; citing *State v. Purdom*, 3 Mo. 83; *Clarke v. State*, 12 Ala. 492; *Sherrod v. State*, 25 Id. 78; *Burdine v. State*, Id. 60; *Phillips v. State*, 51 Id. 21; and a contest pursuant to bet or wager, which is to be determined by the result, is gambling; citing *State v. Smith*, Meigs, 99; *Bagley v. State*, 1 Humph. 486; but playing a game of chance without betting thereon, and without the purpose that others shall do so, is not gambling; citing *Johnson v. State*, 8

Ga. 453; and, in New York, playing the rub to determine which party shall pay for the use of a billiard table is not gambling; citing *People v. Sergeant*, 8 Cow. 139; and, in Massachusetts, playing billiards, cards, or dice is unlawful only when played for hire, gain, or reward; citing *Com. v. Goding*, 3 Metc. 130; *Com. v. Stowell*, 9 Id. 572; *Com. v. Drew*, 3 Cush. 279.

3. The trial judge had no legal right, in order to sustain the information, to construe a *portion* of the section only; citing *Malonny v. Mahar*, 1 Mich. 27, 28; *People v. Burns*, 5 Id. 117.

*Allan H. Frazer*, Prosecuting Attorney, and *Henry A. Mandell*, Assistant Prosecuting Attorney, for the people, contended:

1. No objection was taken to the information until after the jury had been sworn and respondent put on trial.

2. As the offense is one created by statute, the information is good:

   *a*—If the offense is charged in the words of the statute; and—

   *b*—If the statute is descriptive of the offense; citing Tiff. Crim. Law (4th ed.), 365; *Durand v. People*, 47 Mich. 332; *Clark v. State*, 19 Ala. 555.

3. The statute provides, in terms, for the punishment of three kinds of offenders:

   *a*—Those who, for hire, gain, or reward, keep gaming rooms or gaming tables. This provision seems to be directed against the proprietor of the gaming outfit, but, in order to make out the offense, it is necessary to charge in the information, and prove on the trial, that the gaming room was kept "for hire, gain, or reward," because the words of that part of the statute make it necessary.

   *b*—Those occupying or controlling premises, who knowingly suffer a gaming room or table to be kept, maintained, or played thereon or therein. This part of the section seems to be aimed at those who lease, or give without rent, their premises to others to be used for gaming purposes, and it seems that he who permits a gambler to use his premises for gaming, reserving no rent, is equally guilty with him who permits or knowingly suffers a lease to be made of his premises' at a high rental, or "hire, gain, or reward," for gaming purposes.

   *c*—Those who assist a keeper of a gaming room or table in the gaming operations.

4. Respondent claims that the offense is not charged in the words of the statute, because the words "for hire, gain, or reward" are not used. If these words limit the words "or who shall knowingly suffer," and the words following, that part of the

section would read, "any person who shall, for hire, gain, or reward, knowingly suffer a gaming room, or gaming table, or any such game to be kept, maintained, or played on any premises occupied or controlled by him, shall be deemed guilty of a misdemeanor," etc., which reading would entirely preclude guilt in cases where owners of, or those who occupy and actually control, buildings, give them, rent free, to those maintaining and operating gaming tables, etc., a construction clearly never intended by the Legislature. In *People v. Weithoff*, 93 Mich., at page 632, the construction here contended for is given, for, in construing the first part of the section, the Court state that it reads: "Any person who shall, for hire, gain, or reward, keep or maintain a gaming room, or a gaming table, or any game of skill or chance, or partly of skill and partly of chance, * * * shall be deemed guilty of a misdemeanor." If the Court correctly construed the reading of the first part of the section, the second part must read: "Any person who shall knowingly suffer a gaming room, or gaming table, or any such game to be kept, maintained, or played on any premises *occupied or controlled* by him, shall be deemed guilty of a misdemeanor," being the construction contended for.

5. The expression "maintaining a gaming room or gaming table," as used in the statute, is descriptive of an offense. The word "gaming" now has a legal meaning, and implies playing unlawful games for money; citing Bouv. Law Dict. tit. "Gaming;" Bishop, Stat. Cr. § 857 *et seq.*; *State v. Hubbard*, 3 Ind. 530; *Brown v. State*, 10 Ark. 607; *McInnis v. State*, 51 Ala. 23; *Ramey v. State*, 18 S. W. Rep. 417; and there are many cases in the books that recite indictments or informations that have used the words "gaming room" and "gaming table," without reciting the words, "for hire, gain, or reward;" citing *Clark v. State*, 19 Ala. 552; *Longworth v. State*, 41 Tex. 508; *Fisher v. State*, 2 Ind. App. 365; *Com. v. Baker*, 155 Mass. 287.

*Samuel W. Burroughs*, for respondent, contended in a supplemental brief:

1. That, when the respondent was arraigned upon this defective information, he stood mute and refused to plead, and that this of itself was legal notice of objection to the information; citing *People v. Gregory*, 30 Mich. 372; *People v. Behee*, 90 Id. 358; *People v. Fitzgerald*, 92 Id. 328.

2. The prosecutor contends that, as the offense charged is one created by statute, the information is good:
    a—If the offense is charged in the words of the statute; and—
    b—If the statute is descriptive of the offense.

In this the prosecutor intrenches himself behind an *if;* but the trouble is that the offense, such as alleged in the information, is not one created by any statute of this State, and is not one charged in the words of the statute as necessarily descriptive under the entire section, which must be construed as an entirety under the cases cited in the original brief for respondent.

McGRATH, C. J. The information in this case charged that respondent "did knowingly suffer a gaming room and gaming table to be kept and maintained and played on premises occupied and controlled by him, * * * contrary to the form of the statute." The statute (How. Stat. § 2029) is as follows:

"Any person who shall, for hire, gain, or reward, keep or maintain a gaming room, or a gaming table, or any game of skill or chance, or partly of skill and partly of chance, used for gaming, or who shall knowingly suffer a gaming room, or gaming table, or any such game to be kept, maintained, or played on any premises occupied or controlled by him, shall be deemed guilty of a misdemeanor, * * * and any person aiding, assisting, or abetting in the keeping or maintaining of any such gaming room, gaming table, or game shall be deemed guilty of a misdemeanor."

I think this information defective, in that it does not charge that the gaming room and gaming table suffered to be kept were maintained for hire, gain, or reward. Certainly the offense first mentioned is the keeping or maintaining *for hire, gain, or reward,* and the person sought to be reached is the proprietor. The next 'person made liable is the person who occupies or controls the room, and suffers the offense first named to be committed therein. The information against the keeper or tenant would be defective if it did not allege that he maintained for hire, gain, or reward; otherwise it would not charge the commission of the statutory offense. The information against the landlord is, it seems to me, defective when it does not

charge that he has suffered the statutory offense to be committed. The offense defined by the statute is the keeping for hire, gain, or reward, and the statute seeks to reach, not only the keeper, but the person occupying or controlling the room where kept, as well as any person aiding, assisting, or abetting in such keeping or maintaining.

The judgment must be reversed, and the prisoner discharged.

The other Justices concurred.

———◆———

¹100 398
₁100 582
100 398
111 495

100 398
121 598

100 398
128 278

100 398
s59NW 185.
130 ¹680