BROWN, Plaintiff in error, vs. THE STATE, Defendant in
error.

*December 19, 1908—January 26, 1909.*

*Criminal law and practice: Statutes defining crimes: Construction:
Time when statutes take effect: Physicians and surgeons:
Registration of births: "Wilfully."*

1. Ch. 469, Laws of 1907 (secs. 1022—1 to 1022—59, Stats.), which,
   among other things, denounces a penalty upon any physician
   who, on or before October 1, 1907, shall fail to register his
   name, address, and occupation with the "local registrar" of
   the district in which he resides, took effect from and after
   October 1, 1907.   The same statute created the office of local
   registrar.   *Held,* that until October 2, 1907, there was no
   "local registrar" in existence, and hence a compliance with
   the only command of the statute with reference to registra-
   tion was impossible.
2. A law which takes away a man's property or liberty as a pen-
   alty for an offense must so clearly define the acts upon which
   the penalty is denounced that no ordinary person can fail to
   understand his duty and the departure therefrom which the
   law attempts to make criminal.

3. One cannot be said to wilfully violate a statute which is so contradictory or blind that he must guess or conjecture what his duty is thereunder.

4. An act, in order to be wilfully criminal, must fall both within the words of the denunciatory statute and within its spirit.

5. Under ch. 469, Laws of 1907 (secs. 1022—1 to 1022—59, Stats.), denouncing a penalty upon any physician who, on or before October 1, 1907, shall fail to register his name, address, and occupation with the local registrar of the district in which he resides, and under the evidence, stated in the opinion, it is. *held* that defendant was not shown to have wilfully failed and neglected to register in breach of the command of the statute.

6. "Wilfully," when used to describe acts which shall be punished criminally, includes, in addition to mere purpose to do the act, a purpose to do wrong, and involves evil intent or legal malice.

7. "Wilfully," in the Wisconsin criminal statutes, is satisfied only by evil intent without justifiable excuse, and is used to characterize an act done wantonly, or one which a man of reasonable knowledge and ability must know to be contrary to his duty.

8. Ch. 469, Laws of 1907 (secs. 1022—1 to 1022—59, Stats.), denounces a penalty upon any physician who wilfully refuses to make a certificate of birth in a prescribed form within five days after the date of birth. Defendant, a physician, who had. no actual knowledge of the passage of the law of 1907, attempted to perform his duty in reporting births by making a certificate upon a blank which had theretofore been furnished him by the city health officer, who, under the act of 1907, became local registrar. This certificate was returned to defendant and his attention called to the fact that it did not comply with the new law. Defendant thereupon returned the certificate, stating that he had none of the so-called new blanks, and made application for some of them, but, although the certificate was again returned to defendant, no blanks were supplied, and a few days thereafter the instant prosecution for violation of the act of 1907 was commenced. *Held*, that defendant was not guilty of wilful violation of the law of 1907, but there was a mere inadvertent omission of a required act in. the sincere attempt to perform a duty as defendant understood it.

[9. Whether ch. 469, Laws of 1907 (secs. 1022—1 to 1022—59, Stats.), is an invasion of the constitutional rights of the individual, not determined.]

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge.  *Reversed.*

Plaintiff in error was informed against for that, being a physician and having attended upon the birth of a certain child on or about November 10, 1907, he, first, wilfully and unlawfully failed, neglected, and refused to register his name, address, and occupation with the local registrar of vital statistics for the district of Milwaukee, where he lived; and, secondly, that on the 5th day of December he did wilfully and unlawfully fail, refuse, and neglect to file a certificate of the birth of said child, properly and completely filled out, giving all of the facts required by law, with the local registrar of vital statistics of the district of Milwaukee, and still does wilfully and unlawfully fail, neglect, and refuse to file said certificate.   The case was finally tried before the municipal court of Milwaukee county, without a jury, whereupon said court, without filing formal findings, did adjudge the defendant guilty as charged in the complaint, and sentenced him to a fine of $20, with imprisonment in case of nonpayment, to review which judgment the accused sued out writ of error.

*Frank M. Hoyt,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *F. T. Tucker,* assistant attorney general, and oral argument by *Mr. Tucker.*

DODGE, J.   This prosecution is under ch. 469, Laws of 1907, which went into effect October 1st of that year.   Prior thereto the notification of births had been required to be. made to municipal officers, in Milwaukee to the commissioner of health.   The effect of the statute of 1907, now designated as sec. 1022—1 to sec. 1022—59, inclusive, was to create a state bureau of vital statistics (sec. 1022—1), to create the offices of state registrar (sec. 1022—2), and local registrars in each municipal subdivision of the state (sec. 1022—6).   It

imposed on the state board of health and the state registrar authority to make and promulgate rules and regulations (secs. 1022—2, 8). It required the state registrar to prepare blanks for the necessary certificates of births and deaths and to supply them to the local registrars (sec. 1022—7). It required the local registrar to supply blank forms of certificates to such persons as require them (sec. 1022—20). It required each physician, on or before the 1st day of October, 1907, to register his name, address, and occupation with the local registrar of the district in which he resides (sec. 1022—19). It required that the physician or midwife in attendance upon any birth should file a certificate of birth properly and completely filled out, giving all the particulars required by this act, with the local registrar of the district in which the birth occurred, within five days after the date of birth (sec. 1022—28). It prohibited the use of any blanks other than those supplied by the state registrar (sec. 1022—8); and it amended sec. 4608*h*, Stats. (1898), to provide:

"Any person who shall wilfully violate any of the provisions of secs. 1022—1 to 1022—59, inclusive, or who shall neglect or refuse to perform any duty or do any act imposed upon him or required by said sections, or who shall neglect or refuse to make any certificate required by said sections to be made, or falsely make any such certificate, or knowingly make any false statement in such certificate, or who shall alter any certificate or report provided for or required by said sections, shall be punished" by fine or imprisonment (Laws of 1907, ch. 469, sec. 2);

and by its final section (sec. 5) provided: "This act shall take effect and be in force from and after October 1, 1907."

The facts, which are not in dispute, are that the defendant is a physician, in active practice in the city of Milwaukee since 1879; that his name, age, and profession have for many years been registered in the office of the city health officer, who by the act of 1907 (sec. 1022—6) is made local regis-

trar; that he had no actual knowledge of the passage of the new law; that he attended the birth of the child in question on or about the 10th day of November, 1907; that at that time he was equipped with blanks for certifying births which had been sent him by said city health officer; that the father of the child was absent from town for some days, and that immediately upon his return defendant obtained from him the information necessary to fill such blanks as he had; and that some time prior to December 5, 1907—when is not proved,—he forwarded the same to the health commissioner, who was also the local registrar, in supposed compliance with the law. The certificate was returned to him, calling his attention to the fact that the same did not comply with the new law, and also calling his attention to that section of the law which required every physician on or before October 1, 1907, to register name, address, and occupation with the local registrar. The defendant returned the certificate and wrote that he had been registered in the office of his correspondent since 1879, also stating that he had none of the so-called new blanks, and that he made application for some of them. This was again returned by the local registrar, but no blanks were supplied, and a few days after this prosecution was commenced upon his instigation, apparently without report to, or authority from, the state registrar, as seems to be at least suggested by sec. 1022—9. A book from the city health office was produced, labeled "Physicians' Register," and containing name, address, and occupation of defendant.

Obviously, there are two offenses alleged in the complaint, namely, the failure to register and the failure to file a certificate of birth. They stand upon different grounds. The only provision for registering to be found in the act is sec. 1022—19, which requires the registering to be done on or before October 1, 1907, and contains no requirement whatever that a physician register thereafter, though by implication it may so permit. By the last section the act did

not go into effect until after October 1, 1907. *State ex rel. Att'y Gen. v. Messmore,* 14 Wis. 163; *O'Connor v. Fond du Lac,* 109 Wis. 253, 262, 85 N. W. 327. There was therefore not until October 2d any "local registrar" in existence, and a compliance with the only command of the statute with reference to registration was impossible. It is a most fundamental canon of criminal legislation that a law which takes away a man's property or liberty as a penalty for an offense must so clearly define the acts upon which the penalty is denounced that no ordinary person can fail to understand his duty and the departure therefrom which the law attempts to make criminal. One cannot be said to wilfully violate a statute which is so contradictory or blind that he must guess or conjecture what is his duty thereunder. 2 Suth. Stat. Constr. (2d ed.) § 520. Had the defendant been ever so accurately and perfectly informed of this law, what would he have done to comply with it? He could not, as we have said, comply with its terms; and if he could not make such registration with the nonexistent local registrar, with whom should he make it, if at all? If with the municipal health officer, who was on October 1st to become local registrar, then he had already done so. Under the pre-existing laws the relations of the physicians were with different local officers, largely with the register of deeds; in some cases the city clerks. Must a physician at his peril guess that when the legislature ordered him to file with a certain state officer, and he found that impossible, they meant that he should file with the register of deeds? The solution of such conundrums cannot be imposed upon individuals at the risk of criminality if they make a mistake. An act, in order to be wilfully criminal, must fall both within the words of the denunciatory statute and within its spirit. 2 Suth. Stat. Constr. (2d ed.) §§ 520, 521; *U. S. v. Wiltberger,* 5 Wheat. 76, 95; *Ex parte Bailey,* 39 Fla. 734, 23 South. 552. Because this statute made impossible compliance with the words of sec. 1022—19, and, while registration has been

possible and permitted since, there is no word in the statute requiring it, we hold that the defendant was not shown to have wilfully failed or neglected to register in breach of the command of the statute.

2. Turning now to the charge that he wilfully neglected to file such a certificate of birth as the statute commanded: The word "wilfully" has acquired a pretty well defined meaning in criminal statutes. While its lexiconic significance may in some association be no more than intentionally or even knowingly, yet, when used to describe acts which shall be punished criminally, it includes, in addition to mere purpose to do the act, a purpose to do wrong. It involves evil intent or legal malice, according to the great weight of authority. *Felton v. U. S.* 96 U. S. 699, 702; *Potter v. U. S.* 155 U. S. 438, 446, 15 Sup. Ct. 144; *Spurr v. U. S.* 174 U. S. 728, 734, 19 Sup. Ct. 812; *State ex rel. v. Alcorn,* 78 Tex. 387, 14 S. W. 663; *Comm. v. Kneeland,* 20 Pick. 206, 220. This meaning for the word has been declared for Wisconsin statutes in the words of Dixon, C. J., in *State v. Preston,* 34 Wis. 675, as satisfied only by "evil intent without justifiable excuse." It is used "to characterize an act done wantonly, or one which a man of reasonable knowledge and ability must know to be contrary to his duty;" and that case has been considered authoritative. *State v. Castle,* 44 Wis. 670, 676; *State v. Smith,* 52 Wis. 134, 137, 8 N. W. 870.

We are convinced that defendant's conduct evinces no such state of mind. The voluntary effort to perform his duty by making certificate upon the blanks which had been supplied him by the public officer, and the offer to comply with new regulations implied by his request that new blanks therefor be sent him, together with other circumstances, make plain that there was mere inadvertent omission of a required act in the sincere attempt to perform his duty as he understood it.

Since the views already expressed preclude a conclusion

of guilt upon the charges preferred, even if ch. 469, Laws of 1907, be valid, we forego consideration of the very earnest contention by plaintiff in error that many of the requirements in that act are either so impossible of performance, as requiring physicians to certify facts which they cannot know, or so unreasonable, as requiring them to certify to facts within five days as to which they can only gain even secondary information by the expenditure of much time and labor, that the legislature, it is argued, has no right to impose them without compensation; and that the whole act is therefore an invasion of the constitutional rights of the individual.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.