STATE, Respondent, vs. McALOON, Appellant.

*February 2—February 22, 1910.*

*Criminal law: "Wilful" acts: Town orders: Unauthorized issuance: Penalty: Civil action.*

1. The word "wilful" in the criminal law involves evil intent or legal malice.
2. A civil action will lie to recover the forfeiture imposed by sec. 823, Stats. (1898), upon an officer issuing a town order without authority of the town board, at least if his act was not wilful.
[3. Whether sec. 4550, Stats. (1898), makes the wilful issuance of an unauthorized town order a misdemeanor, not determined.]

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge.   *Affirmed.*

For the appellant the cause was submitted on the brief of *C. R. Fridley.*

For the respondent there was a brief by *William R. Foley,* district attorney, and *Russell Jackson,* deputy attorney general, of counsel, and oral argument by *Mr. Jackson.*

WINSLOW, C. J.   This is a civil action by the state to recover the penalty denounced by sec. 823, Stats. (1898), against any chairman of a town board who issues a town order without authority of the town board.   Upon general demurrer the claim is made by defendant that no civil action will lie for such penalty, but only a criminal action.

The argument of the demurrant runs thus: By sec. 3294, Stats. (1898), forfeitures may be sued for and recovered in a civil action, provided the act for which the forfeiture is imposed be not also a misdemeanor, and, further, an act punishable by fine or imprisonment is a misdemeanor; by sec. 4550, Id., any town officer who wilfully violates any provision of law authorizing or requiring anything to be done or prohibiting anything from being done in his official capacity is to be punished by imprisonment not exceeding one year or

by fine not exceeding $500 : therefore the issuing of a town order without authority of the town board is a misdemeanor and cannot be recovered by civil action. This argument overlooks entirely the fact that the last-named section only punishes criminally the "wilful" violation of duty. In the criminal law "wilful" involves evil intent or legal malice. *Brown v. State,* 137 Wis. 543, 119 N. W. 338.

The forfeiture named in sec. 823, *supra,* is imposed upon an officer who issues a town order without legal authority, regardless of the fact whether the act be wilful, and the complaint does not charge the act to have been wilful in this case. Hence conceding, but not deciding, that sec. 4550 makes the wilful issuance of a town order a misdemeanor, it still does not apply to the act charged in this case, and therefore that act is not a misdemeanor, and a civil action will lie to recover the forfeiture.

*By the Court.*—Order affirmed.