Bliven v. State, 183 Wis. 557.

---

BLIVEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 15—April 8, 1924.*

*Intoxicating liquors: Subsequent offenses: Punishment: What statute applies.*

> The sentence of the defendant to one year and six months in the state prison upon conviction of a second offense under the state prohibition law, imposed on the theory that such sentence was authorized by sec. 4738, Stats., is unwarranted, as the specific provision of the prohibition law (sub. (32), sec. 165.01), rather than the general statute, applies. p. 559.

ERROR to review a judgment of the municipal court of Rock county: H. L. MAXFIELD, Judge. *Reversed.*

Plaintiff in error, defendant below, was arrested and brought into the municipal court of Rock county on August 29, 1923, charged with violation of the state prohibition law. He waived examination, was committed for trial and to the county jail. On the same day he made a verified petition stating his desire to plead guilty. The information, also

dated August 29th, charged the defendant with having at the city of Janesville, August 28, 1923, possessed privately manufactured distilled liquor, wilfully and feloniously, and without a permit from the state prohibition commissioner. It further charged a prior conviction June 26, 1922, in the same court, upon a plea of guilty to having in May, 1922, wilfully and feloniously and without a permit possessed privately manufactured distilled liquor. He pleaded guilty and was convicted by the court of the offense as charged in the information. On August 30th the court pronounced sentence that the defendant be punished by confinement in the state prison at Waupun at hard labor for the term of one year and six months.

Subsequently, upon giving bond and upon proper proceedings, he was released from custody pending review here. This writ of error was duly issued December 20th.

The cause was submitted for the plaintiff in error on the brief of *Paul N. Grubb* of Janesville, and for the defendant in error on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

ESCHWEILER, J. Defendant's sentence of a year and six months in the state prison was for a present and prior violation of the state prohibition law, each instance being the unlawful possession of privately manufactured distilled liquor. The state prohibition law (ch. 165, sec. 165.01, Stats.), so far as material here, and where other specific penalty is not made, provides by sub. (32) thereof that for violation of its provisions a defendant shall, as an increased penalty for a subsequent offense, be fined not less than $200 nor more than $2,000 and be imprisoned in the county jail not less than one month nor more than one year. The severer and state prison sentence here imposed was upon the theory that such was authorized by sec. 4738, Stats. This is found in ch. 359, relating to judgments in criminal cases, and has been in substantially the same form since as early as 1878, and provides in effect that where it is so al-

leged in proceedings prior to trial and determined or ascertained on the trial or after conviction for an offense punishable by imprisonment in the county jail, by fine, or both, that such defendant had been theretofore sentenced to imprisonment, he may, for such subsequent offense, be imprisoned in the state prison not more than three years nor less than one year.

On the hearing here the attorney general, representing the defendant in error, very frankly and in a commendable attitude concedes that the state prison sentence under said sec. 4738 is not warranted.

Ch. 165, *supra,* the state prohibition law, has defined specific offenses and prescribed specific penalties. It needs no discussion or citation of authorities to arrive at the conclusion that under the situation here disclosed the specific rather than the general statute applies.

It follows therefrom that, the sentence being unwarranted, the judgment, so far as it inflicted the same, must be reversed and set aside.

*By the Court.*—Judgment reversed, and cause remanded with directions to the trial court to sentence the defendant under ch. 165.