BARRY, Plaintiff in error, vs. THE STATE, Defendant in error.

GUNDERSON, Plaintiff in error, vs. THE STATE, Defendant in error.

TAYLOR, Plaintiff in error, vs. THE STATE, Defendant in error.

SCHALL, Plaintiff in error, vs. THE STATE, Defendant in error.

BRAY, Plaintiff in error, vs. THE STATE, Defendant in error.

DOWNEY, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 17—June 21, 1926.*

*Intoxicating liquors: Subsequent offenders: Under what statute punishable: Specific or general statutes: Election of court.*

*Barry Case: Taylor Case: Schall Case: Downey Case.*
1. If a defendant has been convicted of a prior offense other than an offense penalized under sub. (32), sec. 165.01, Stats., and has also been convicted of a prior offense the penalty

for which is prescribed by said subsection, he may be sentenced under either said sub. (32) or under sec. 359.14, at the election of the court having jurisdiction. p. 618.

*Gunderson Case.*

2. Where the prior conviction was under sec. 165.01, Stats., the penalty being fixed by sub. (32) of that section, defendant should have been sentenced under said sub. (32),—sec. 359.14 having no application to the case. p. 618.

*Bray Case.*

3. Where a defendant is convicted of drunkenness for which a specific penalty is provided in sub. (20), sec. 165.01, Stats., and there are previous convictions of drunkenness, sentence is controlled by the general statute (sec. 359.14), and not by sub. (32), sec. 165.01, since this subsection only controls in fixing the sentence for a first offense and for a second or subsequent offense for which a specific penalty is not prescribed. p. 619.

ESCHWEILER and CROWNHART, JJ., dissent.

These cases are considered together. They reached this court in the following manner:

*Barry Case.* ERROR to review a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

*Harry Barry* was convicted on three counts of selling intoxicating liquor and one count of maintaining a nuisance under the prohibition law, and, upon a finding of two previous convictions of violation of the prohibition law and one previous conviction of receiving stolen property, was sentenced to from one to three years in the state prison.

*Gunderson Case.* ERROR to review a judgment of the county court of Trempealeau county: E. F. HENSEL, Judge. *Reversed.*

*Sever Gunderson* was convicted of having in his possession intoxicating liquor, and, upon finding of a prior conviction of sale of intoxicating liquor and a prior conviction of possession of intoxicating liquor, was sentenced to from one year to eighteen months in the state prison.

*Taylor Case.*   ERROR to review a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

*Elmer Taylor* was convicted of manufacturing distilled liquor and of having in his possession still and mash, and, upon finding of a prior conviction of assault with intent to commit rape, was sentenced to from one year to eighteen months in the state prison.

*Schall Case.*   ERROR to review a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

*Anton Schall* was convicted of having in his possession privately manufactured distilled liquor, mash and still, and, upon finding of a previous conviction of felony, was sentenced to from one to three years in the state prison.

*Bray Case.*   ERROR to review a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*Dennis Bray* was convicted of being intoxicated in a public place, and, upon finding of ten previous convictions of drunkenness from 1908 to 1924, was sentenced to from one to two years in the state prison.

*Downey Case.*   ERROR to review a judgment of the county court of Iowa county: ALDRO JENKS, Judge.   *Affirmed.*

*Earl Downey* was convicted of transportation of intoxicating liquor, and, upon finding of a prior conviction of possession of intoxicating liquor, two prior convictions of being drunk and disorderly brought under a city ordinance, a finding of one prior conviction of petty larceny, one prior conviction of assault, and one prior conviction of driving while intoxicated, was sentenced to one year in the state prison.

For the plaintiffs in error the cause was submitted on the brief of *F. M. Wylie* of Madison, and for the defendant in error on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

ROSENBERRY, J.   A determination of the issues presented in the six cases involves a construction and application of the following statutes:

Sub. (20), sec. 165.01, Stats. (Severson Law), provides:

"Any person found in any public place in such a state of intoxication as to disturb others, or unable, by reason of his condition, to care for his own safety or the safety of others, shall, upon conviction thereof, be punished by a fine not exceeding one hundred dollars, or by imprisonment in the county jail for not more than sixty days, or by both such fine and imprisonment."

Sub. (22) of sec. 165.01, Stats., provides:

"Any room, house, building, boat, vehicle, air craft, or place where intoxicating liquor is manufactured, sold or kept in violation of any of the provisions of this chapter, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared a public nuisance, and any person who maintains such nuisance, upon conviction thereof, shall be fined not more than one thousand dollars or be imprisoned for not more than one year or both."

Sub. (32) of sec. 165.01, Stats., provides:

"Any person violating any of the provisions of this chapter for which a specific penalty is not prescribed, shall for the first offense be fined in addition to the costs of the action not less than one hundred nor more than one thousand dollars, or by imprisonment in the county jail not less than one month, nor more than six months, and for a second or subsequent offense shall be fined in addition to the costs of the action not less than two hundred dollars nor more than two thousand dollars, and be imprisoned in

the county jail not less than one month, nor more than one year."

Sec. 359.14, Stats., provides:

"When any person is convicted of any offense punishable only by imprisonment in the county jail or by fine, or both, and it is alleged in the indictment, information or complaint and proved or admitted on the trial or ascertained by the court after conviction that he had been before sentenced to imprisonment, either in any state prison, state reformatory, house of correction or county jail, by any court of this state or of any other state or of the United States, and that such sentence remains of record and unreversed, whether pardoned therefor or not, such person may be punished by imprisonment in the county jail not less than the shortest time fixed for such offense and not more than one year, or by imprisonment in the state prison not more than three years nor less than one year."

Hereafter each of the plaintiffs in error will be referred to as defendant.

Taking the cases in their order, the following questions are presented: Does sec. 359.14 apply in the *Barry Case,* where there was a prior conviction of an offense under the provisions of sec. 165.01, penalty for which is prescribed by sub. (32), and also a previous conviction of the offense of having received stolen goods? In *Bliven v. State,* 183 Wis. 557, 198 N. W. 272, the plaintiff in error was convicted of a violation of sub. (32) of sec. 165.01, and upon a showing of a prior conviction under the same subsection was sentenced under sec. 359.14. The judgment of the trial court was reversed, and it was held that Bliven should have been sentenced under sub. (32) of sec. 165.01.

The defendant *Barry* having been previously convicted of an offense under sec. 165.01, the penalty for which is fixed by sub. (32), and there being a finding of a previous

conviction of a felony other than one arising under sec. 165.01, he might properly be sentenced under sub. (32) or under sec. 359.14. While it is true that the state prohibition law has defined specific offenses and prescribed specific penalties, that does not destroy the applicability of other statutes in cases where the terms of the prohibition act are not applicable. The prohibition act concerns itself only with former convictions under that act, the penalty for which is prescribed by sub. (32), and attempts to prescribe no additional penalties where there has been a former conviction for violation of the criminal law, the penalty for which is not prescribed by sub. (32). If a defendant has been convicted of a prior offense other than an offense penalized under sub. (32) of sec. 165.01, and has also been convicted of a prior offense, the penalty for which is prescribed by sub. (32), he may be sentenced under either statute; otherwise he would thereafter be immune from the punishment prescribed by sec. 359.14. Under such circumstances the court having jurisdiction may elect under which statute the defendant shall be sentenced. The discretion conferred upon the trial judge in cases of this character is no greater than that conferred by the law upon district attorneys. See *Application of Bentine,* 181 Wis. 579, 196 N. W. 213.

The judgment in the *Barry Case* is affirmed.

In the *Gunderson Case* the prior conviction of the defendant was under sec. 165.01, the penalty being fixed by sub. (32). As he was sentenced under sec. 359.14, under the rule laid down in the *Bliven Case, supra,* he should have been sentenced under sub. (32) of sec. 165.01, as it is exclusive, and sec. 359.14 has no application in this case.

The judgment of the trial court in the *Gunderson Case* is reversed, and cause remanded with directions to enter the proper judgment.

In the *Taylor Case* there was a sentence under sub. (32) of sec. 165.01, with a prior conviction not under the prohibition law. In this case sec. 359.14 was applicable and he was properly sentenced under that section.

The judgment of the trial court in the *Taylor Case* is affirmed.

In the *Schall Case* there was a sentence under sub. (32) of sec. 165.01, with a prior conviction not under the prohibition act, and in this case sec. 359.14 was applicable. The defendant was properly sentenced thereunder, and the judgment of the circuit court is affirmed.

In the *Bray Case* the defendant was convicted of the offense of drunkenness under sub. (20) of sec. 165.01, for which a specific penalty is provided by the act. Sub. (32) provides:

"Any person violating any of the provisions of this chapter for which a specific penalty is not prescribed, shall for the first offense be fined . . . and for a second or subsequent offense shall be fined in addition to the costs of the action not less than $200," etc.

The language "for a second or subsequent offense" must be held to mean a second or subsequent offense for which a specific penalty is not prescribed. The language is clear and plain. The offense dealt with in sub. (32) is one for which no specific penalty is elsewhere prescribed, and to hold that "offense" means one thing in one part of the sentence and another thing in the other part would be in violation of the plainest rules of construction. In the first part of the sentence it speaks about a first offense and in the second part about a second offense. Each adjective must be held to relate to an offense of the same class or kind, that is, one the penalty for which is prescribed by sub. (32). A specific penalty having been prescribed for drunkenness under

sub. (20), sub. (32) does not apply. The *Bray Case* does not come within the provisions of sub. (32) as to the second offense, and under such circumstances sec. 359.14 is applicable, and, the proper findings having been made, the defendant was properly sentenced under that section.

The judgment in the *Bray Case* is therefore affirmed.

In the *Downey Case* the defendant was convicted of transportation of intoxicating liquors and sentenced under sub. (32) of sec. 165.01, and there was a finding of previous conviction of possession of intoxicating liquor, penalty for which is prescribed by sub. (32). It was also found that he had been previously convicted of offenses other than those covered by sub. (32) of sec. 165.01. His situation is ruled by the holding in the *Barry Case,* and he was properly sentenced under the provisions of sec. 359.14.

The judgment in the *Downey Case* is therefore affirmed.

*By the Court.*—It is ordered that judgments be entered in the several cases as indicated in the foregoing opinion.

ESCHWEILER, J. (*dissenting*).   I cannot concur in the result reached in these several cases because I am of the opinion that ch. 165, Stats.—the Prohibition Act and its enforcement,—contains within itself complete, controlling, and exclusive provisions for the maximum penalties that may be visited upon any one who is convicted of any of the offenses therein described.   As a penal act it should be construed strictly.   Such is the well established rule, and so recognized here and generally.   2 Lewis' Sutherland, Stat. Constr. (2d ed.) §§ 337, 520; *Wilson v. State,* 1 Wis. 184, holding that a construction is not favored which makes that a felony which was not so at common law; *Brown v. State,* 137 Wis. 543, 548, 119 N. W. 338; *Ash Sheep Co. v. U. S.* 252 U. S. 159, 170, 40 Sup. Ct. 241.   It is a specific police regulation, including not only misdemeanors which are

within the purpose of the Eighteenth amendment to the United States constitution and which were not statutory or common-law offenses before that time, but also such misdemeanors as drunkenness, which, although with an increased penalty as expressly now provided in sub. (20), sec. 165.01, was a statutory offense (sec. 1561) prior to the Eighteenth amendment, and sub. (36), sec. 165.01, prohibiting intoxicated persons from being passengers upon or publicly drinking in cars of common carriers, which was formerly provided for under secs. 1565—1 to 1565—4 and first created by ch. 623 of the Laws of 1911.

When, therefore, under this chapter, and particularly by sub. (32), sec. 165.01, express provision is made for penalties for violation of the provisions of that chapter not only for first but for second and subsequent offenses, specifically also as to pharmacists and physicians, sub. (32) (b), and by sub. (34), sec. 165.01, providing that a conviction under the national prohibition act bars a prosecution on the same facts under this state law, and by inclusions of and omissions of provisions for increased penalties, I think there is shown an evident legislative intent to specifically legislate on the entire subject and on the entire field of penalties to be administered to violators of this law.   Especially is this so when, as here, in providing for increased penalties, none such are state prison terms which degrade the person sentenced from a misdemeanant to a felon.   There is complete covering of the subject of punishment for violations of this entire chapter by a statute which is later than the general one, sec. 359.14 (sec. 4738), now held by the majority to be applicable, and such special provisions or treatment, dealing with a particular subject, prevails over general provisions.   *State v. Snyder,* 172 Wis. 415, 418, 179 N. W. 579; *Roether v. Roether,* 180 Wis. 24, 26, 191 N. W. 576.

I think the proper construction, therefore, should be that ch. 165 deals with the entire field of penalties intended to

be covered and is exclusive of the general statute, as it was expressly held the act did as to the second offense provided for in said sub. (32), sec. 165.01, in *Bliven v. State,* 183 Wis. 557, 198 N. W. 272.

As now construed, however, a first offender under this chapter may, because of some prior violation by him of some other statute and for which he has paid the law's penalty, nevertheless be now sentenced as a felon to state prison.

I am authorized to state that Mr. Justice CROWNHART joins with me in this dissent.

STEVENS, J., took no part.