PEOPLE *v.* GOULDING.

1. WORDS AND PHRASES—FEE—GAIN OR PROFIT.

A fee is usually a fixed charge, a perquisite charged as a recompense for labor or trouble, is distinguished from costs in that fee compensates for service rendered or to be rendered while costs indemnify for money expended or to be expended, and fees are to be distinguished from salary and wages; while gain and profit import, ordinarily, an element of chance, venture or business hazard and are ascertained by determining difference between the cost of an article to vendor and price received for it from vendee.

2. CRIMINAL LAW—EMPLOYMENT AGENCIES—EVIDENCE.

To convict one of operating an employment agency for gain or profit, it is not sufficient merely to prove a fee was charged.

3. STATUTES—CONSTRUCTION—REPEAL.

Supreme Court may not, by judicial legislation, construe a substituted statute to cover different language of statute intentionally repealed.

4. SAME—PENAL STATUTES—CONSTRUCTION.

Statutes defining crimes are to be strictly construed.

5. SAME—PENAL STATUTES.

Penal statutes must prescribe with reasonable certainty the elements of the offense so that an ordinary person may have a certain rule of conduct and understand his duty and the departure therefrom which the law attempts to make criminal.

6. CRIMINAL LAW—STATUTES.

No one can be punished for doing an act unless it clearly appears the act sought to be punished comes clearly within both the spirit and letter of the law prohibiting it.

7. SAME—COURTS—STATUTES—COMMON LAW.

Courts have no power to infer, from their judicial ideas of policy, crimes not defined by statute or by common-law precedents.

8. SAME—STATUTES—CONSTRUCTION.

Statute penalizing conduct of employment agency for gain or profit without a license may not be extended by judicial construction and defendant convicted by showing acts which ought to have been within the terms of the statute but are not (Act No. 321, Pub. Acts 1929 [2 Comp. Laws 1929, § 8584 *et seq.*]).

9. SAME—OPERATING EMPLOYMENT AGENCY WITHOUT A LICENSE— FEES—GAIN OR PROFIT.

Defendant, charged with violation of Act No. 255, Pub. Acts 1925, prohibiting operation of employment agency where a fee was charged those seeking employment, which statute was repealed, may not be convicted of violation of Act No. 321, Pub. Acts 1929, prohibiting operation of such an agency for gain or profit on evidence a fee was charged for services rendered.

NORTH, C. J., and BUTZEL and BUSHNELL, JJ., dissenting.

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.), J. Submitted January 16, 1936. (Docket No. 118, Calendar No. 38,552.) Decided April 6, 1936.

Philip Goulding pleaded guilty and was sentenced for operating a private employment agency without a license. Reversed.

*Bloom & Bloom,* for appellant.

*David H. Crowley,* Attorney General, *Edmund E. Shepherd* and *Weston L. Sheldon,* Assistants Attorney General, for the people.

POTTER, J. The complaint, warrant and information charged that defendant opened, operated and maintained a private employment agency "where a fee was then and there charged to persons seeking employment." The form of the complaint, warrant and information indicates they were made under Act No. 255, Pub. Acts 1925. They are in the language of that statute, which statute was repealed by Act No. 321, Pub. Acts 1929 (2 Comp. Laws 1929, § 8584 *et seq.*).

Section 3, Act No. 321, Pub. Acts 1929 (2 Comp. Laws 1929, § 8586), provides:

"No person shall open, operate or maintain an employment agency in the State of Michigan without first procuring a license from the State superintendent of private employment bureaus."

Section 2, Act No. 321, Pub. Acts 1929 (2 Comp. Laws 1929, § 8585), provides:

"The term 'employment agent' or 'employment agency' as used in this act means any person *en-*

*gaged for gain or profit* in the business or profession of serving, assisting or counseling employees seeking employment or employers seeking to procure employees.''

Section 1, Act No. 255, Pub. Acts 1925, prohibited the maintaining of a private employment agency *where a fee was charged to persons seeking employment* without first obtaining a license for the same from the commissioner of the department of labor and industry.

The information filed herein was in the language of Act No. 255, § 1, Pub. Acts 1925. That act had been repealed before the filing of the information against defendant herein.

The precise question is whether an information charging an offense under the statute of 1925, which has been repealed, can be sustained under the act of 1929, the act of 1925 making it an offense to conduct an employment agency, *where a fee is charged,* without procuring the necessary license, and the act of 1929 providing that it should constitute an offense to operate an employment agency without a license, *for gain or profit.* This all comes down to the question whether charging a fee for services rendered or proposed to be rendered is the same thing as operating an employment agency for gain or profit.

The statute under which the information was filed, and the language of which the charge follows, made it a criminal offense to charge *a fee* to persons seeking employment unless the person charging the same was licensed. This statute was repealed and the statute under which defendant was convicted was one in which the person not licensed engaged for *gain or profit* in the business of assisting persons seeking employment.

The word "fee" must be construed in its usual and ordinary sense. We frequently hear of an attorney fee, a medical fee, a contingent fee, an initiation fee, a license fee, a filing fee, etc. A fee is usually a fixed charge, a perquisite charged as a recompense for labor and trouble. The lexicographers define it as a reward, compensation or wage given to one for the performance of professional services as in case of an attorney at law or a physician. Fees are to be distinguished from costs. The one is to compensate for service rendered or to be rendered. The other is an indemnification for money expended or to be expended. *Crawford* v. *Bradford,* 23 Fla. 404 (2 South. 782); *Tillman* v. *Wood,* 58 Ala. 578. A fee is a payment for something done or to be done (*Teller County* v. *Trowbridge,* 42 Col. 449 [95 Pac. 554]), and is to be distinguished from salary and from wages (*Blick* v. *Mercantile Trust & Deposit Co.,* 113 Md. 487 [77 Atl. 844]; *In re Stryker,* 158 N. Y. 526 [53 N. E. 525, 70 Am. St. Rep. 489]; *Landis* v. *Lincoln County,* 31 Ore. 424 [50 Pac. 530]).

On the other hand, the terms *"gain"* and *"profit"* import ordinarily an element of chance, venture or business hazard. We speak of undistributed profits, undivided profits, pecuniary profits, rents and profits, net profits, etc. Profits are usually defined as the net gain made from an investment or from the prosecution of some business after payment of all expenses incurred, and the term is not to be confused with earnings or receipts which deal only with income and not with operating costs, fixed charges, overhead, depreciation or expenses. Ordinarily, gains and profits are ascertained by determining the difference between the cost of an article to the

vendor and the price received for it from the vendee. *McDaniel* v. *State Fair of Texas* (Tex. Civ. App.), 286 S. W. 513.

Wharton (13th Ed.), Bouvier (Rawle's 3d Rev.), Ballentine and Black (2d Ed.) indicate profit is the gain made by the sale of produce or manufactures after deducting the value of the labor, materials, rent and all expenses, together with the interest on the capital employed.

The Supreme Court of the United States says:

" 'Profit' is the gain made upon any business or investment, when both the receipts and payments are taken into the account." *Rubber Co.* v. *Goodyear*, 9 Wall. (76 U. S.) 788.

This was in effect the rule subsequently recognized and applied in *Hinckley* v. *Pittsburgh Steel Co.*, 121 U. S. 264 (7 Sup. Ct. 875).

A fee is one thing; gain and profit another. A fee may be a source of income but there may be no profit. A fee is a fixed charge; a profit is a resultant gain. Fees less expeness may equal profits. Hospitals and educational institutions charge fees, but they are not institutions operated for profit. To convict one of operating an employment agency for gain or profit, it is not sufficient to prove a fee was charged. The legislature repealed the statute under which defendant was charged. We may not by judicial legislation stretch the substituted statute to cover the one intentionally repealed.

Statutes defining crimes are to be strictly construed. They must prescribe with reasonable certainty the elements of the offense. 12 C. J. p. 1203. They ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. *United States* v. *Brewer*, 139 U. S. 278 (11

Sup. Ct. 538); *Commonwealth* v. *Atlas*, 244 Mass. 78 (138 N. E. 243); *United States* v. *Sharp*, 27 Fed. Cas. 1041. The legislature must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have a certain rule of conduct. 8 R. C. L. p. 58.

Criminal statutes must so clearly define the acts upon which the penalty is denounced that no ordinary person can fail to understand his duty and the departure therefrom which the law attempts to make criminal. *Brown* v. *State*, 137 Wis. 543 (119 N. W. 338).

It is a well-settled rule of law that no one can be punished for doing an act unless it clearly appears the act sought to be punished comes clearly within both the spirit and letter of the law prohibiting it. *State of Oregon* v. *Mann*, 2 Ore. 238.

No penal law can be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may and what he may not do under it. *Tozer* v. *United States*, 52 Fed. 917; *Chicago & N. W. R. Co.* v. *Dey*, 35 Fed. 866 (1 L. R. A. 744); *Railroad Commission of Indiana* v. *Railroad Co.*, 179 Ind. 255 (100 N. E. 852).

"No principle is more universally settled than that which deprives all courts of power to infer, from their judicial ideas of policy, crimes not defined by statute or by common-law precedents." *Ware* v. *Branch Circuit Judge*, 75 Mich. 488.

Defendant ought not to be convicted unless he is clearly and unequivocally within the language of a statute which by its terms covers his case. The statute may not be extended beyond its plain terms by judicial construction, and defendant convicted, by showing acts which ought to have been within the

terms of the statute but are not. There are no constructive criminal offenses. Defendant, charged with a violation of Act No. 255, Pub. Acts 1925, which has been repealed, may. not be convicted on the facts before us for violating Act No. 321, Pub. Acts 1929.

Conviction reversed. Defendant discharged.

FEAD, WIEST, and EDWARD M. SHARPE, JJ., concurred with POTTER, J.

BUTZEL, J. (*dissenting*). I believe the conviction should be affirmed. The opinion for reversal indicates that in order to show that one "engaged for gain or profit," as stated in Act No. 321, Pub. Acts 1929 (2 Comp. Laws 1929, § 8585), it is necessary to show that he actually did make a gain or profit notwithstanding the fact that he charged fees for his services. The regulation, licensing and control of employment agencies is a very necessary exercise of the police power. *People* v. *Brazee,* 183 Mich. 259, affirmed in 241 U. S. 340 (36 Sup. Ct. 561). Act No. 255, Pub. Acts 1925, consisting of eight sections, made it a misdemeanor to conduct an agency where a fee was charged without first securing a license. The act was repealed and superseded by Act No. 321, Pub. Acts 1929, consisting of 25 sections (2 Comp. Laws 1929, §§ 8584–8608), and making it a felony to open, operate and maintain an employment agency for gain or profit without securing a license. The purpose of the latter act was not to modify the provisions of the former act, but rather make them more stringent and inclusive so as to include all employment agents and agencies. While the act prohibits anyone from maintaining such agency for gain or profit without securing proper

license, section 3 of the act makes due provision for regularly established educational institutions, religious, labor, charitable, benevolent organizations and departments or bureaus maintained for the purpose of obtaining employment for which *"no fee, compensation or other valuable consideration"* is charged and which exempts them from securing a license but prohibits them from opening, operating or maintaining such employment bureaus or departments until a proper permit has been secured. One opening, operating and maintaining a private employment agency and charging a fee to persons seeking employment would be an employment agent engaged in the business for gain or profit within the meaning of the statute. It is not necessary that the net result of his business show a gain or profit. It may even show a loss, but a charge in the indictment that fees were exacted by defendant is equivalent to saying that he ran an employment agency for gain or profit.

The information charged defendant with opening, operating and maintaining a private employment agency where a fee was then and there charged to persons seeking employment. He was fully apprised of the charge at the trial. Prior to his plea of guilt, attention was called to the fact that he had obtained money from divers persons for employment and that he had not taken out a license. The court also specifically mentioned Act No. 321, Pub. Acts 1929, under which the indictment was filed. It was only subsequent to the sentence that defendant moved for the setting aside of the sentence and conviction, the withdrawal of the plea, and quashing of the information.

While it would have been better pleading to follow the words of the statute, the indictment was suffi-

cient inasmuch as it apprised defendant of the offense charged. 3 Comp. Laws 1929, § 17259. It is not necessary to follow the exact words of the statute, provided language of like import and certainty is used. *People* v. *Covelesky,* 217 Mich. 90. It was not necessary to negative any exceptions, excuses or provisos contained in the statute. 3 Comp. Laws 1929, § 17262. The elements of the crime were stated so that respondent knew exactly what he was to meet and could prepare for his defense. The crime was so identified that his acquittal or conviction would be a bar to a subsequent prosecution for the same offense. *People* v. *Quider,* 172 Mich. 280; *People* v. *Tenerowicz,* 266 Mich. 276. The indictment is sufficient when the necessary facts appear in any form or are included by any fair construction of its terms. *Hagner* v. *United States,* 285 U. S. 427 (52 Sup. Ct. 417).

The cases of *People* v. *Wiethoff,* 100 Mich. 393, and *People* v. *Watson,* 196 Mich. 36, are not at all applicable to the instant case. Charging the defendant with exacting a fee was equivalent, under the statute, to stating that he was engaged in the business for gain or profit. It is the purpose, not the result, that is determinative. The conviction should be affirmed.

NORTH, C. J., and BUSHNELL, J., concurred with BUTZEL, J. TOY, J., did not sit.