SWANEY *v.* DERRAGON.

1. WORDS AND PHRASES—PROFITS.

Profits are usually defined as the net gain made from an investment or from the prosecution of some business after payment of all expenses incurred and are usually ascertained by determining the difference between the cost of an article to the vendor and the price received for it from the vendee.

2. MASTER AND SERVANT — PERCENTAGE OF PROFITS AS COMPENSATION—COMPUTATION—IMPOUNDED CASH.

Under contract of employment whereby plaintiff was to receive a weekly sum plus percentage of net profits of employer partnership above a stated annual minimum, fact that a bank closed and impounded some of the partnership's cash *held,* not to be considered in determining plaintiff's share of the profits for the year since disposition of partnership money should make no difference in amount he was entitled to receive.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 11, 1937. (Docket No. 82, Calendar No. 39,584.) Decided September 1, 1937.

Assumpsit by Raymond M. Swaney against Donald C. Derragon and Ralph G. Derragon, co-partners, doing business as Derragon Brothers, for amount due under an employment contract. From judgment in an alleged insufficient amount, plaintiff appeals. Reversed and remanded for entry of judgment in an increased amount.

*Keeling, Bogue & Huthwaite (Isadore L. Goode,* of counsel), for plaintiff.

*Kinney & Adams,* for defendants.

POTTER, J.   Plaintiff sued defendants for $722.66 and recovered judgment for $23.08, without costs. Plaintiff appeals.

Plaintiff was employed by defendants from 1929 to 1931, inclusive, at $40 a week and 20 per cent. of the net profits of defendants' business after $6,000 a year had been deducted therefrom by defendants to cover their salaries of $3,000 a year each.

In 1931, the Pontiac Commercial & Savings Bank, of Pontiac, closed its doors.   Defendants had deposited therein $3,277.06 which was impounded and not immediately available to defendants in whole or in part.   Defendants contend that in computing the net profits of their business for 1931, this sum of $3,277.06 should be deducted; and plaintiff contends it should not be deducted or treated as a loss in determining the net profits of defendants' business upon which his 20 per cent. should be computed. Other questions of practice are raised but are not material in view of the disposition made of the case.

The definitions of the words "net profit" by the lexicographers, textbooks or adjudicated cases afford little assistance.   Bouvier's Law Dictionary. title "Profits"; 50 C. J. pp. 641–649; and Words & Phrases, under the title "Profit," may be consulted.

"Profits are usually defined as the net gain made from an investment or from the prosecution of some business after payment of all expenses incurred, and the term is not to be confused with earnings or receipts wihch deal only with income and not with operating costs, fixed charges, overhead, depreciation or expenses.   Ordinarily, gains and profits are ascertained by determining the difference between the cost of an article to the vendor and the price received for it from the vendee.   *   *   *

"Wharton (13th Ed.), Bouvier (Rawle's 3d Rev.), Ballentine and Black (2d Ed.) indicate profit

is the gain made by the sale of produce or manufactures after deducting the value of the labor, materials, rent and all expenses, together with the interest on the capital employed.

"The Supreme Court of the United States says:

" ' "Profit" is the gain made upon any business or investment, when both the receipts and payments are taken into the account.' *Rubber Co.* v. *Goodyear*, 9 Wall. (76 U. S.) 788.

"This was in effect the rule subsequently recognized and applied in *Hinckley* v. *Pittsburgh Bessemer Steel Co.*, 121 U. S. 264 (7 Sup. Ct. 875)." *People* v. *Goulding*, 275 Mich. 353, 357.

Defendants were doing business as a partnership. They had control of the money of the partnership. Plaintiff was not interested in that money. He was interested only in the net profits of the business of which he was entitled to 20 per cent. as indicated by the contract. It was immaterial to him what the defendants did with the money, whether it was carried in the pockets of the partners, locked in a safe or deposited in a bank. The disposition of the money belonging to the partnership by the partners should make no difference in the amount of compensation which plaintiff was entitled to receive. We are constrained to reverse the judgment and remand the case for the entry of judgment in the amount of $655.41 and interest, in addition to the amount recovered, with costs of both courts. It is so ordered.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.